**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TEDDY BILLIOT, MARY VERDIN, LIZA NAQUIN, TASHA DARDAR, JADE BILLIOT BERGERON, LANNY DARDAR, CANDACE HENDON, KELLY NAQUIN, LORETTA VERDIN, CASEY DARDAR, SHANA RAE DARDAR, AND JOAN BRUNET** *Plaintiffs* | * * * * * * * | **CIVIL ACTION** **NO. 2:21-cv-01144** |
| **VERSUS** | * * * | |
| **THE TERREBONNE PARISH SCHOOL, BOARD, THE TERREBONNE PARISH SCHOOL DISTRICT, PHILIP MARTIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, GREGORY HARDING, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE TERREBONNE PARISH SCHOOL BOARD** *Defendants* | * * * * * * * * * * * | **JUDGE CARL BARBIER (J)** **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT (2)** |

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO OVERRULE OBJECTIONS TO THE RULE 34 REQUEST FOR INSPECTION AND FOR RULE 37 SANCTIONS**

---

**NOW INTO COURT,** through undersigned counsel, come Defendants, Terrebonne Parish School Board ("TPSB"); Terrebonne Parish School District ("TPSD"); Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board ("Martin"); and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board ("Harding") (sometimes collectively referred to as "Defendants"), who respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion to Overrule Objections to the Rule 34 Request for Inspection and for Rule 37 Sanctions and represent as follows:

**MAY IT PLEASE THE COURT:**

## I. INTRODUCTION

On October 19, 2021, Plaintiffs filed a Motion to Overrule Objections to the Rule 34 Request for Inspection and for Rule 37 Sanctions.[1] On August 19, 2021, counsel for Plaintiffs emailed a document entitled "Request for Inspection," in which Plaintiffs requested that they individually and through their counsel and experts and Andrew Metzger be permitted to inspect, photograph, and measure Pointe-Aux-Chenes Elementary School ("PAC") and Montegut Elementary School.[2] In that request for inspection, Plaintiffs specifically state, "The purpose of this inspection is to gather information upon which a conclusion can be drawn of the comparative adequacy of these to [sic] schools for the needs of the children who formerly attended PAC or would have attended PAC but for its closure. This will entail inspection of the number and location of restroom facilities, cafeteria, handicap access, mainstreaming of special needs children, and other information relevant to the issues of the captioned litigation."[3]

As the Court is aware, Plaintiffs filed their complaint on June 6, 2021. With regards to the Defendants, Plaintiffs make various claims regarding the recent closure of PAC in Terrebonne Parish, Louisiana. Plaintiffs' alleged causes of action listed in their original complaint were (1) violations of federal statutory and constitutional law, including, discrimination in education based on race, color, or national origin under color of law that violates Title VI of the Civil Rights Act of 1964, the Constitution and laws of the United States, including 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments; (2) violations of Louisiana Constitutional Law, including constitutional protections against racial, ethnic, and linguistic discrimination, and the public trust

[1] See Rec. Doc. 56.
[2] See Rec. Doc. 56, Exhibit 1.
[3] See Rec. Doc. 56, Exhibit 1.

doctrine; (3) entitlement to a writ of mandamus on account of defendants' failure and refusal to comply with the immersion school choice statute; (4) issuance of a restraining order prohibiting the permanent closure of PAC elementary and prohibiting refusal to establish a French immersion program and mandatory relief that a French immersion program proceed as promised and required and ordering PAC be reopened and made a French immersion school as soon as possible; and (5) detrimental reliance and deliberate misrepresentations.[4]

On June 30, 2021, Plaintiffs filed a First Amending Complaint in which they amended their original complaint to add a sixth cause of action, alleging violations of the Native American Languages Act of 1990 and the Durbin Feeling Native American Languages Act of 2021 (Rec. Doc. 8).

On July 2, 2021, Plaintiffs filed a Motion for Entry of a Temporary Restraining Order, For Issuance of Mandatory and Prohibitory Preliminary and Permanent Injunctive Relief, and For Issuance of a Writ of Mandamus, and to Set an Immediate Hearing or a Hearing as Soon as the Court's Docket May Permit (Rec. Doc. 11).

Plaintiffs acknowledged at the scheduling conference that their complaint raises two distinct issues: (1) the closing of PAC, and (2) the alleged failure of TPSB to establish a French Immersion school at PAC. On August 21, 2021, Defendants filed a Motion to Dismiss Plaintiffs' Complaint.[5] On November 2, Judge Barbier issued Order and Reasons Dismissing Plaintiffs' second through sixth causes of action with prejudice (this would include all complaints regarding French Immersion).[6] With regard to Plaintiffs' first cause of action, Judge Barbier dismissed Plaintiffs' claims under the Due Process Clause of the Fourteenth Amendment, but

---

[4] *See* Complaint (Rec. Doc. 1).
[5] See Rec. Doc. 37.
[6] See Rec. Doc. 60

retained jurisdiction over Plaintiffs' claims of alleged intentional discrimination that arise under (1) Title VI of the Civil Rights Act of 1964 and (2) 42 U.S.C. § 1983 in violation of the Equal Protections Clause of the Fourteenth Amendment.[7] In sum, none of the allegations in Plaintiffs' Complaint or Amending Complaint have anything to do with the adequacy of the facilities at Montegut Elementary, handicap accessibility issues, or any such issues at Montegut Elementary – especially in light of the Court's recent ruling on the Motion to Dismiss. It seems that Plaintiffs' main reason for wanting to inspect Montegut Elementary is settlement correspondence between Louis Koerner, counsel for Plaintiffs, and undersigned counsel.[8] Pursuant to Rule 408 of the Federal Rules of Evidence, Defendants hereby object to any such reference to settlement negotiations.[9] Moreover, given the Court's recent ruling dismissing most claims with prejudice, Plaintiffs' request for inspection is now even less relevant.

## II. LAW AND ARGUMENT

### A. Plaintiffs' Request for Inspection is Not Relevant to Any of Plaintiffs' Claim Nor Is It Proportional to the Needs of the Case.

A party may request entry onto designated land controlled by responding party for inspection or measure of the property or a designated object on it, insofar as the request is within the scope of FRCP 26(b)—the request must be relevant to any party's claim or defense and proportional to the needs of the case.[10] An inspection of the restroom facilities, cafeteria, handicap access, and mainstreaming of special needs children both at Montegut and PAC Elementary Schools have no tendency to further Plaintiffs' claims, which are now limited to the closure of

[7] See Rec. Doc. 60, page 14.
[8] See Rec. Doc. 56-1, page 2.
[9] Plaintiffs referenced an Exhibit 4 in their Motion to Overrule Objections and Memorandum in Support thereof, but failed to attach the exhibit. See Doc. 56, page 2 and Doc. 56-1, page 2. If Plaintiffs had attached settlement correspondence, TPSB and TPSD would move to strike for insufficiency, impertinence, and immateriality in accordance with FRCP 12(f).
[10] FRCP 34(a)(2).

PAC Elementary School and whether or not defendants intentionally discriminated against plaintiffs due to the closure of PAC. Plaintiffs' claims do not stem from any action performed by Defendants in connection with Montegut Elementary, nor do they stem from treatment received by students at Montegut Elementary. Since an inspection of Montegut Elementary does not relate to any relevant claim of Plaintiffs, Defendants respectfully submit that this Court should deny Plaintiffs' request for inspection of Montegut Elementary.

Furthermore, a Rule 34 inspection must also comply with the scope of FRCP 26(b)(2)(c), which limits a party's ability to obtain discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient or whose burden likely outweighs its likely benefit. Plaintiffs have had and still have ample opportunity to obtain the information it seeks regarding the specifications of PAC Elementary School in its written discovery requests, should those requests be likely to lead to the discovery of admissible evidence.

As plaintiffs state in their Memorandum of Law in Support, "A party is permitted to enter upon designated land or property that is in the possession or control of another party 'for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).' Fed.R.Civ.P. 34. The scope of this entry is limited to discoverable material. Discoverable material includes 'any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition ... or other tangible things ....' Fed.R.Civ.P. 26(b)(1)."[11] Defendants cannot think of anything at PAC or Montegut Elementary that plaintiffs would need to inspect or measure that would be relevant to their sole remaining claim of intentional discrimination on the basis of race. Indeed, plaintiffs request for inspection states:

[11] Rec Doc 56-1, page 7.

> "The purpose of this inspection is to gather information upon which a conclusion can be drawn of the comparative adequacy of these to schools for the needs of the children who formerly attended PAC or would have attended PAC but for its closure. This will entail inspection of the number and location of restroom facilities, cafeteria, handicap access, mainstreaming of special needs children, and other information relevant to the issues of the captioned litigation. The site visit will require inside and outside access to both facilities and all buildings."

None of this request has anything to do with alleged race discrimination stemming from the decision to close PAC.

However, general discovery standards are not alone sufficient to warrant a Rule 34 inspection—"the degree to which the proposed inspection will aid in search for truth must be balanced against burdens and dangers created by inspection."[12] It bears no reminding that the lower Terrebonne area has suffered great damage from Hurricane Ida, and disaster relief efforts remain underway. Respondents submit that they are currently expending all efforts and resources to coordinate the opening and operation of its habitable schools to all Terrebonne Parish students. Notably, TPSB has not yet had the opportunity to fully inspect PAC Elementary School property for hazardous conditions, although the report from TPSB's insurance adjuster indicates that PAC received over 1.8 million dollars in damages due to Hurricane Ida. TPSB has not been able to make the repairs to PAC; and therefore, Defendants respectfully submit that at this time, inspection is also unduly burdensome and potentially hazardous, and Plaintiffs' request to inspect PAC should also be denied.

## B. Plaintiffs' Mentioning of Compromise Offers and Negotiations and Plaintiffs' Attaching Such Offers and Negotiations as an Exhibit Is Prohibited by the Federal Rules of Evidence, and Defendants Object to Any Use of Such Compromise Offers and Negotiations.

[12] *Young v. State Farm Fire & Cas. Co.*, No. 06–9871, 2007 WL 2127871, at *2 (E.D.La. July 25, 2007) *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir.1978) ("Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted.")

Rule 408 of the Federal Rules of Evidence provides as follows:

> "(a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

The Advisory Committee notes to the 1972 proposed rules state:

> "The same policy underlies the provision of Rule 68 of the Federal Rules of Civil Procedure that evidence of an unaccepted offer of judgment is not admissible except in a proceeding to determine costs."

Those same Advisory notes state, "The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position." This statement certainly rings true in the case *sub judice,* and as Defendants have maintained throughout these entire proceedings, that it did not discriminate against Plaintiffs when it closed PAC. Furthermore, as evidenced by its Motion to Dismiss, Defendants have always maintained that Plaintiffs did not comply with La. R.S. 17:273.3, the "Immersion School Choice Law." The fact that Defendants made a settlement offer to Plaintiffs should not be used as a basis of a motion to compel. Therefore, Defendants object to any mention of any compromise offers and negotiations as well as to the admission into evidence of Exhibit 4 to Plaintiffs' Motion to Overrule Objections. While counsel for defendants offered to show counsel for plaintiffs Montegut Elementary in connection with settlement discussions, that is in no way an agreement to an inspection of that

school pursuant to Rule 34, and Plaintiff's use of that offer as a tactic in these proceedings is improper.

**C. Defendants Object to Plaintiffs' Reference to a Complaint to the Department of Education.**

Plaintiffs' motion states,

> "A complaint to the Department of Education [Doc. 32, filing denied, Doc. 34] about ADA non-compliance was filed on June 21, 2021 and is pending. The United States Department of Education has undertaken an investigation, Exhibit 5. This complaint which, *inter alia*, alleges inadequate facilities at MES, may be judicially noticed and forms material which may be considered on determination of the Rule 12(b)(6) motion."

Defendants object to any reference to any such complaint as mentioned by Plaintiffs. On August 1, 2021, Plaintiffs filed a motion for leave to file the corrected affidavits that are contained in the DOE complaint.[13] On August 12, 2021, Judge Barbier issued an order denying Plaintiffs' motion for leave to file corrected affidavits. Now Plaintiffs seek an end-around of Judge Barbier's order and are attempting to reference a DOE complaint that has nothing to do with the case *sub judice*. Such attempts by Plaintiffs, especially after Judge Barbier has already denied their request, should not be condoned by this Court.

**D. Plaintiffs are not entitled to sanctions.**

In their motion, plaintiffs also ask for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.[14] Rule 37 contains six sections:

(a) Motion for an Order Compelling Disclosure or Discovery.
(b) Failure to Comply with a Court Order.
(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

---

[13] See Rec. Doc 32.
[14] See Rec. Doc 56, page 1.

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
(e) Failure to Preserve Electronically Stored Information.
(f) Failure to Participate in Framing a Discovery Plan.

In this instance, defendants did respond to the request for inspection – they responded by objecting to the request. Section (d) of Rule 37 provides:

> **"(1) *In General.***
>
> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> **(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
>
> **(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> **(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
>
> **(2) *Unacceptable Excuse for Failing to Act.*** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
>
> **(3) *Types of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

As can be seen from the above, Rule 37(d)(1)(A)(ii) clearly states that a court can order sanctions when a party, after being properly served a request for inspection under Rule 34, **fails (emphasis added)** to serve its answers, **objections (emphasis added),** or written response. Defendants have not failed to object to the request for inspection. Defendants respectfully submit that plaintiffs have not met their burden of showing an entitlement to sanctions (should this Court

order an inspection). As Judge Fallon stated in *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, 2020 WL 5411736 (E.D. La. 09/08/2020),

> "Rule 37 authorizes courts to sanction parties that fail to comply with a court order or otherwise adequately participate in the discovery process. Fed. R. Civ. P. 37. Rule 37 authorizes the imposition of sanctions when a party fails to attend its own deposition after being served with proper notice. Sanctions available to the court include, among others, striking the pleadings, staying proceedings, and dismissal with prejudice. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). In addition, Rule 37 (b)(2)(A) authorizes a court to dismiss a complaint with prejudice when a party refuses to submit to a valid discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). In the Fifth Circuit, courts must consider whether the sanction furthers Rule 37's important goal of punishing misbehaving parties and deterring similar conduct in the future. *Chilcutt v. United States*, 4 F.3d 1313, 1321 (5th Cir. 1993). Although "[l]esser sanctions do not require a finding of willfulness," *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012), dismissal with prejudice is a severe sanction only available where the refusal to comply is the product of bad faith or willfulness and where a less drastic sanction would not further Rule 37's goal of deterrence. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985).

Here, there is no discovery order or other court order that defendants have failed to obey. Defendants simply do not believe that Plaintiffs' request to inspect and measure two schools has anything to do with their sole remaining claim that they were intentionally discriminated against when TPSB voted to close PAC elementary.

## III. CONCLUSION

In conclusion, the Court's ruling on Defendants' Motion to Dismiss leave plaintiffs with one narrow cause of action – did defendants intentionally discriminate against plaintiffs when they closed Pointe-Aux-Chenes Elementary School? This has nothing to do with Montegut Elementary; and therefore, defendants respectfully submit that their request to inspect Montegut Elementary should be denied. Furthermore, due to the damaged condition of PAC, and the fact that an inspection would not lead to any evidence related to Plaintiffs' sole remedy claim, their

request to inspect PAC should also be denied. Plaintiffs' request for sanctions is also without merit and should be denied.

**Respectfully submitted,**

**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS, APLC**

/s/ Stanwood R. Duval____________
**STANWOOD R. DUVAL (27732)**
**C. BERWICK DUVAL, II (5109)**
**KATHRYN W. RICHARD (26486)**
**APRIL A. TRAHAN (38919)**
stan@duvallawfirm.com
101 Wilson Avenue (70364)
Post Office Box 3017
Houma, Louisiana 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490
Counsel for Defendants, Terrebonne Parish School Board, Terrebonne Parish School District, Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board, and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 9th day of November, 2021, filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**/s/ Stanwood R. Duval____________**
**STANWOOD R. DUVAL**