UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEDDY BILLIOT, ET AL. | CIVIL ACTION |
| VERSUS | NO: 21-1144 |
| TERREBONNE PARISH SCHOOL BOARD, ET AL. | SECTION: "J"(2) |

### ORDER & REASONS

Before the Court are Plaintiffs' *Motion to Amend or Modify* **(Rec. Doc. 61)** and *Motion For Expedited Hearing and Request for Oral Argument* **(Rec. Doc. 62)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the *Motion to Expedite* should be granted and the *Motion to Amend or Modify* should be denied.

Plaintiffs argue that the Court should amend its Order and Reasons of November 2, 2021, Record Document 60, because the Court committed an error of law. (Rec. Doc. 61, at 1). Specifically, Plaintiffs contend that the Court *sua sponte* dismissed their claimed violations of the Louisiana Constitution because Defendants did not challenge the adequacy of these claims in their Rule 12(b)(6) motion and supporting memoranda. *Id.*

Plaintiffs' argument fails because, in asserting that Defendants' Motion to Dismiss does not specifically challenge Plaintiffs' Louisiana Constitutional claims, Plaintiffs reference only page 30 of Defendants' Motion and fail to address pages 19–

1

21. (Rec. Doc. 61, at 2). Defendants' Motion to Dismiss addresses each of Article 1, § 3; Article XII, § 4; and Article IX, § 1 of the Louisiana Constitution.[1] (Rec. Doc. 42, at 19–21). Further, Plaintiffs' statement that "Louisiana Constitution" is absent from the memorandum in support of the motion to dismiss is simply untrue. "Louisiana Constitution" is found eight times. Finally, Plaintiffs respond to Defendants' Louisiana Constitutional arguments in their Opposition to Defendants' Motion. (Rec. Doc. 54, at 20–24). Therefore, Plaintiffs' instant Motion to Amend or Modify is wholly unfounded and frivolous.

---

[1] Second Cause of Action – Louisiana Constitutional Law including constitutional protections against racial, ethnic, and linguistic discrimination, and the public trust doctrine.

   Plaintiffs allege the Defendants have committed numerous violations under Louisiana Constitutional Law including constitutional protections against racial, ethnic, and linguistic discrimination, and the public trust doctrine. Each of Plaintiffs' arguments as to these laws also fail.
   Article I, Section 3 provides, "no person shall be denied the equal protection of the laws." La. Const. art. I, § 3. In general, the Louisiana Constitution's "guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated." Thus, when evaluating an equal protection claim under the Louisiana Constitution, the court must determine whether an individual law "abridges an individual's right to equality, and to determine [the law's] constitutionality." If a plaintiff fails to challenge the constitutionality of a state law, then the complaint fails to state an equal protection claim.
   In this case, Plaintiffs do not challenge any Louisiana law, but instead, challenge TPSB's decision to close PAC. Since Plaintiffs failed to challenge the constitutionality of any Louisiana laws, they have failed to state a claim under Article I, Section 3 of the Louisiana Constitution (Rec. Doc. 27).
   Article XII, Section 4 establishes, "[t]he right of the people to preserve, foster, and promote their respective historic linguistic and cultural origins is recognized." Plaintiffs have failed to elaborate on how this constitutional provision applies to their case or provide any authority regarding its application (Rec. Doc. 27).
   Article IX, Section 1 states, "[t]he natural resources of the state, including air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people." Plaintiffs argue that this provision also applies to people but provide no authority or explanation for this argument (Rec. Doc. 27).
   Therefore, Defendants respectfully submit the Plaintiffs have failed to provide a basis for this court's subject matter jurisdiction or to state a cognizable claim pursuant to Louisiana Constitutional law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Expedite* (Rec. Doc. 62) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' *Request for Oral Argument* (Rec. Doc. 62) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' *54(b) Motion to Amend or Modify this Court's Reasons and Order of November 2, 2021* (Rec. Doc. 61) is **DENIED.**

New Orleans, Louisiana, this 10th day of November, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE