## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TEDDY BILLIOT, MARY VERDIN, LIZA** | * | **CIVIL ACTION** |
| **NAQUIN, TASHA DARDAR, JADE BILLIOT** | * | |
| **BERGERON, LANNY DARDAR, CANDACE** | * | |
| **HENDON, KELLY NAQUIN, LORETTA** | * | |
| **VERDIN, CASEY DARDAR, SHANA RAE** | * | |
| **DARDAR, AND JOAN BRUNET** | * | **NO.  2:21-cv-01144** |
| *Plaintiffs* | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **THE TERREBONNE PARISH SCHOOL,** | * | **JUDGE CARL BARBIER (J)** |
| **BOARD, THE TERREBONNE PARISH** | * | |
| **SCHOOL DISTRICT, PHILIP MARTIN,** | * | **MAGISTRATE JUDGE** |
| **INDIVIDUALLY AND IN HIS OFFICIAL** | * | **DONNA PHILLIPS** |
| **CAPACITY AS SUPERINTENDENT,** | * | **CURRAULT (2)** |
| **GREGORY HARDING, INDIVIDUALLY** | * | |
| **AND IN HIS OFFICIAL CAPACITY AS** | * | |
| **PRESIDENT OF THE TERREBONNE** | * | |
| **PARISH SCHOOL BOARD** | * | |
| *Defendants* | * | |

## ANSWER TO COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come Defendants, Terrebonne Parish School Board ("TPSB"); Terrebonne Parish School District ("TPSD"); Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board ("Martin"); and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board ("Harding") (sometimes collectively referred to as "Defendants"), who hereby answer the Complaint for Mandamus, Damages, and Request for Immediate Injunctive Relief, and respectfully aver as follows:

## PRELIMINARY STATEMENT

Plaintiffs filed their original complaint on June 11, 2021.  In that complaint, they alleged the following causes of action:  violations of federal statutory and constitutional law; violations of Louisiana constitutional law; entitlement to a writ of mandamus on account of defendants' failure and refusal to comply with the immersion school choice statute; issuance of an appropriate temporary restraining order prohibiting permanent closure of PAC elementary and prohibiting refusal to establish a French immersion program and, after due proceedings, issuance of prohibitory and mandatory relief that a French immersion program proceed as promised and required and ordering the PAC be reopened and made a French immersion school as soon as possible; and detrimental reliance and deliberate misrepresentations

On July 1, 2021, plaintiffs filed an amended complaint and alleged a sixth cause of action – namely that "The actions of defendants, and of the Terrebonne Parish School Board in particular, are in violation of The Native American Languages Act of 1990 ("The Act"), 25 USC Ch. 31 et seq."  On November 2, 2021, this Court entered an order granting in part and denying in part Defendants' motion to dismiss, dismissing all of plaintiffs' claims except that "the Court retains jurisdiction over Plaintiffs' claims of alleged intentional discrimination that arise under (1) Title VI of the Civil Rights Act of 1964 and (2) 42 U.S.C. § 1983 in violation of the Equal Protections Clause of the Fourteenth Amendment."   Therefore, Defendants are answering only those allegations in plaintiffs' complaint that deal with the remaining claims.

### 1.

The allegations contained in paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in paragraph 2 are denied.

3.

The allegations contained in paragraph 3 are denied.

4.

The allegations contained in paragraph 4 are jurisdictional in nature and require no answer, although Defendants admit that this Court has jurisdiction over plaintiffs' remaining claims.

5.

The allegations in paragraph 5 require no answer, as they refer to venue.  Defendants admit that venue is proper in this Court.

6.

The allegations in paragraph 6 also refer to venue, and it is admitted that venue is proper in this Court.

7.

The allegations contained in paragraph 7 refer to venue, and it is admitted that the Terrebonne Parish School Board and the Terrebonne Parish School District are located in this district and that venue is proper with this Court.

8.

The allegations contained in paragraphs 8a-8l are denied for lack of sufficient information to justify a belief therein.

9.

It is admitted that the Terrebonne Parish School Board is a Louisiana governmental entity; however, the Terrebonne Parish School District denies that it is a governmental entity acting under the color of state law.

10.

It is admitted that Philip Martin is the superintendent of the Terrebonne Parish School District and Gregory Harding is the president of the Terrebonne Parish School Board.

11.

The allegations contained in paragraph 11 are statements of law and, thus, require no answer.

12.

The allegations contained in paragraph 12 are denied.

13.

The allegations contained in paragraph 13 are admitted.

14.

The allegations contained in paragraph 14 are denied.

15.

The allegations contained in paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in paragraph 16 are denied because as of the filing of the complaint, PAC Elementary was closed and, therefore, had no students.

17.

The allegations contained in paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in paragraph 23 are denied.

24.

The allegations contained in paragraph 24 are denied.

25.

The allegations contained in paragraph 25 are denied.

26.

The allegations contained in paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations contained in paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in paragraph 35 are denied.

36.

The allegations contained in paragraph 36 are denied.

37.

The allegations contained in paragraph 37 are denied.

38.

The allegations contained in paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in paragraph 39 are denied.

40.

The allegations contained in paragraph 40 are admitted.

41.

The allegations contained in paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

It is admitted that in 2019, Superintendent Philip Martin said that there was no plan at that time to close PAC Elementary School.  All other allegations contained in paragraph 48 are denied.

49.

The allegations contained in paragraph 49 are denied.

50.

The allegations contained in paragraph 50 are admitted.

51.

The allegations contained in paragraph 51 are admitted.

52.

It is denied that there was serious public state governmental and academic objection to the closure of PAC Elementary School; however, it is admitted that on April 13, 2021, the Terrebonne Parish School Board voted to close PAC Elementary School and transfer the students to Montegut Elementary School after the 2020-2021 school year.

53.

The allegations contained in paragraph 53 are denied.

54.

The allegations contained in paragraph 54 are denied.

55.

The allegations contained in paragraph 55 are denied.

56.

The allegations contained in paragraph 56 are denied.

57.

The allegations contained in paragraph 57 are denied.

58.

The allegations contained in paragraph 58 are denied.

59.

The allegations contained in paragraph 59 are denied.

60.

The allegations contained in paragraph 60 are denied.

61.

The allegations contained in paragraph 61 are denied.

62.

The allegations contained in paragraph 62 are denied.

63.

The allegations contained in paragraph 63 are denied.

64.

The allegations contained in paragraph 64 are denied.

65.

The allegations contained in paragraph 65 are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in paragraph 66 are denied.

-11-

67.

The allegations contained in paragraph 67 are denied.

68.

The allegations contained in paragraph 68 are denied.

69.

The allegations contained in paragraph 69 are denied for lack of sufficient information to justify a belief therein.

70.

The allegations contained in paragraph 70 are denied.

71.

The allegations contained in paragraph 71 are denied.

72.

The allegations contained in paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations contained in paragraph 73 are denied for lack of sufficient information to justify a belief therein.

74.

The allegations contained in paragraph 74 are denied for lack of sufficient information to justify a belief therein.

75.

The allegations contained in paragraph 75 are denied.

76.

The allegations contained in paragraph 76 are denied for lack of sufficient information to justify a belief therein.

77.

The allegations contained in paragraph 77 are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in paragraph 80 are admitted.

81.

The allegations contained in paragraph 81 are admitted.

82.

The allegations contained in paragraph 82 are denied.

83.

The allegations contained in paragraph 83 are denied.

84.

The allegations contained in paragraph 84 are denied.

85.

The allegations contained in paragraph 85 are denied.

## DISCRIMINATORY DENIAL OF FRENCH IMMERSION

Paragraphs 86-97 fall under plaintiffs' "Discriminatory Denial of French Immersion." Plaintiffs' claims regarding French immersion were dismissed and, therefore, paragraphs 86-97 require no answer.

## INTENTIONAL AND WRONGFUL DISCRIMINATION BY THE TPSB, THE TPSD, AND THE INDIVIDUAL DEFENDANTS

98-101.

The allegations contained in paragraphs 98-101 are denied.

102.

The allegations contained in paragraph 102 are a recital of case law and, therefore, require no answer.

103.

The allegations contained in paragraph 103 are a recital of case law and, therefore, require no answer.

104.

The allegations contained in paragraph 104 are denied.

105.

The allegations contained in paragraph 105 are denied.

106.

The allegations contained in paragraph 106 are denied.

107.

The allegations contained in paragraph 107 are denied.

108.

The allegations contained in paragraph 108 refer to French immersion and, thus, require no answer; however, if an answer is deemed to be required, then the allegations are denied.

109.

The allegations contained in paragraph 109 are denied.

**FIRST CAUSE OF ACTION - VIOLATIONS OF**
**FEDERAL STATUTORY AND CONSTITUTIONAL LAW**

110.

The allegations contained in paragraph 110 are recitals of law and, therefore, require no answer.

111.

The allegations contained in paragraph 111 are denied.

## SECOND CAUSE OF ACTION - VIOLATIONS
## OF LOUISIANA CONSTITUTIONAL LAW

112-122.

The allegations contained in paragraphs 112-122 require no answer, as this cause of action

was dismissed pursuant to this Court's order on November 2, 2021.

## THIRD CAUSE OF ACTION - ENTITLEMENT TO A WRIT OF
## MANDAMUS ON ACCOUNT OF DEFENDANTS' FAILURE AND REFUSAL
## TO COMPLY WITH THE IMMERSION SCHOOL CHOICE STATUTE

123-129.

The allegations contained in paragraphs 123-129 require no answer, as this cause of action

was dismissed pursuant to this Court's order on November 2, 2021.

## FOURTH CAUSE OF ACTION - ISSUANCE OF AN APPROPRIATE
## TEMPORARY RESTRAINING ORDER PROHIBITING PERMANENT
## CLOSURE OF PAC ELEMENTARY AND PROHIBITING REFUSAL TO
## ESTABLISH A FRENCH IMMERSION PROGRAM AND, AFTER DUE
## PROCEEDINGS, ISSUANCE OF PROHIBITORY AND MANDATORY
## RELIEF THAT A FRENCH IMMERSION PROGRAM PROCEED AS
## PROMISED AND REQUIRED AND ORDERING THE PAC BE REOPENED
## AND MADE A FRENCH IMMERSION SCHOOL AS SOON AS POSSIBLE

130.

The allegations contained in paragraph 130 are denied.

131.

The allegations contained in paragraph 131 are denied.

## FIFTH CAUSE OF ACTION - DETRIMENTAL
## RELIANCE AND DELIBERATE MISREPRESENTATIONS

132.

This cause of action was dismissed pursuant to this Court's order on November 2, 2021

and, therefore, requires no answer.

## ANSWER TO FIRST AMENDING COMPLAINT

### SIXTH CAUSE OF ACTION - VIOLATION OF THE NATIVE AMERICAN LANGUAGES ACT OF 1990 AND THE DURBIN FEELING NATIVE AMERICAN LANGUAGES ACT OF 2021

133.

The sixth cause of action, claims in violation of the Native American Languages Act of 1990 and the Durbin Feeling Native American Languages Act of 2021, were dismissed pursuant to this Court's order on November 2, 2021, and therefore, paragraphs 133-139 require no answer.

**AND NOW FURTHER ANSWERING**, Terrebonne Parish School Board; Terrebonne Parish School District; Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board; and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board respectfully aver as follows:

### AFFIRMATIVE DEFENSES

140.

Defendants maintain that in no way, shape, or form did they discriminate either intentionally or in any way whatsoever against plaintiffs.

141.

Defendants maintain that their decision to close Pointe-aux-Chênes Elementary School and merge it with Montegut Elementary was a discretionary function; and therefore, Defendants cannot be held liable.

142.

The individual Defendants Harding and Martin plead the affirmative defense of qualified immunity.

143.

Defendants plead all defenses available to them under a Title VI discrimination claim, an equal protection claim, and a claim arising under 42 U.S.C. § 1983.

144.

Defendants maintain that plaintiffs' claim is frivolous, unreasonable, or without foundation, thereby entitling Defendants to an attorneys' fee award under 42 U.S.C. § 1988.

145.

Defendants specifically plead that they have no policies, customs, or practices that allow discrimination against any person.

146.

Defendants Terrebonne Parish School Board and Terrebonne Parish School District specifically plead that they cannot be liable for any injury  (Defendants deny that they have caused any injury or that they have discriminated against plaintiffs) due to a *respondeat superior* relationship.

**WHEREFORE,** Defendants, Terrebonne Parish School Board; Terrebonne Parish School District; Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board; and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board, pray that this answer be deemed good and sufficient and that after due proceedings are had, there be judgment herein in their favor, dismissing the suit of

plaintiffs at plaintiffs' costs, and for such general and equitable relief as the nature of the case may permit.

Respectfully submitted,

DUVAL, FUNDERBURK, SUNDBERY,
   RICHARD & WATKINS, APLC


/s/ Stanwood R. Duval_____
STANWOOD R. DUVAL (27732)
C. BERWICK DUVAL, II (5109)
KATHRYN W. RICHARD (26486)
APRIL A. TRAHAN (38919)
stan@duvallawfirm.com
101 Wilson Avenue (70364)
Post Office Box 3017
Houma, Louisiana 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490
Counsel for Defendants, Terrebonne Parish
  School Board, Terrebonne Parish School
  District, Philip Martin, individually and in
  his official capacity as Superintendent of
  Terrebonne Parish School Board, and
  Gregory Harding, individually and in his
  official capacity as President of Terrebonne
  Parish School Board


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 28th day of December, 2021, filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


/s/ Stanwood R. Duval_____
STANWOOD R. DUVAL