UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TEDDY BILLIOT, ET AL.

                          Civil Action No. 21-1144
VS.                       Section "J"(2)
                          New Orleans, Louisiana
                          December 1, 2021

TERREBONNE PARISH SCHOOL BOARD, ET AL.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT OF MOTION HEARING
HEARD BEFORE THE HONORABLE DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:         Louis Roy Koerner, Jr.
                            Koerner Law Firm
                            1204 Jackson Avenue
                            New Orleans, LA 70130

                            James Harvey Domengeaux
                            Domengeaux, Wright, Roy
                            & Edwards
                            556 Jefferson Street
                            Suite 500
                            Lafayette, LA 70502


FOR THE DEFENDANTS:         C. Berwick Duval, II
                            Harley M. Papa
                            Duval, Funderburk, Sundbery,
                            Lovell, & Watkins, APLC
                            101 Wilson Avenue
                            P.O. Box 3017
                            Houma, LA 70361

Official Court Reporter:    Nichelle N. Wheeler, RPR, CRR
                            500 Poydras Street, B-275
                            New Orleans, Louisiana 70130
                            (504) 589-7775

    Proceedings recorded by mechanical stenography,
transcript produced via computer.

1                    **P R O C E E D I N G S**

11:29:46AM   2                  (Call to order of the court.)

11:29:46AM   3          THE CASE MANAGER:  Okay.  The next case is *Teddy*

11:29:49AM   4   *Billiot v. Terrebonne Parish School Board*, 21-1144.  And we

11:29:53AM   5   have two motions that are going to be argued today.

11:29:56AM   6          THE COURT:  Okay.  Counsel, if you would, make your

11:29:58AM   7   appearances for the record.

11:29:59AM   8          MR. KOERNER:  I am Louis R. Koerner, Jr.  I'm here

11:30:01AM   9   with Jimmy Domengeaux as counsel for the plaintiffs.

11:30:06AM  10          THE COURT:  Okay.  And for the defense?

11:30:07AM  11          MR. DUVAL:  Berwick Duval and Harley Papa here for

11:30:12AM  12   all defendants.

11:30:13AM  13          THE COURT:  Good morning.  Go ahead and be seated.

11:30:15AM  14          All right.  Now, I understand today we have before me

11:30:19AM  15   a plaintiff's motion to overrule objections to the Rule 34

11:30:23AM  16   request for inspection and for sanctions and a motion to

11:30:26AM  17   overrule objections to order further and proper responses to

11:30:29AM  18   deem admissions admitted and for sanctions.  Defendants

11:30:34AM  19   timely filed opposition memoranda.  Plaintiff filed a reply

11:30:40AM  20   and requested oral argument, which is why we're here today.

11:30:43AM  21          Now, background, I understand the plaintiffs are

11:30:46AM  22   parents of children who attended, and I may not be saying

11:30:48AM  23   this right, Pointe-Aux-Chenes Elementary?

11:30:50AM  24          MR. KOERNER:  Good enough.  Good enough.

11:30:52AM  25          THE COURT:  Okay.  I'll call it PAC because I like

```
11:30:55AM   1   the abbreviations you used.  And plaintiff had filed suit
11:30:59AM   2   originally alleging violations of Title 6 of the Civil Rights
11:31:01AM   3   Act of 1964 and the Fifth and Fourteenth Amendment pursuant
11:31:07AM   4   to Section 1983 and the Louisiana Constitution over some
11:31:09AM   5   decisions regarding the closure of the PAC school and alleged
11:31:14AM   6   violations of the Native American Languages Act and also some
11:31:18AM   7   issues with regard to a French immersion program.  Judge
11:31:23AM   8   Barbier denied the plaintiff's motion for a TRO and
11:31:27AM   9   consolidated their motion for preliminary injunction with the
11:31:28AM  10   trial on the merits by order dated November 2, 2021.  He
11:31:35AM  11   dismissed with prejudice plaintiff's six -- I'm sorry, second
11:31:40AM  12   through six causes of action as well as their claims under
11:31:43AM  13   the fourteenth amendment's due process clause, but denied the
11:31:46AM  14   motion with regard to the Title 6 claims that arose within
11:31:49AM  15   one year of the filing and the 1983 claim for violation of
11:31:53AM  16   equal protection clause on the 14th amendment.  So the only
11:31:59AM  17   remaining claims, the Title 6 claims within one year, which I
11:32:02AM  18   understand relates to the -- basically the closure of the
11:32:06AM  19   school, but not the immersion programs and the equal
11:32:10AM  20   protection clause.  So that's my understanding of the
11:32:14AM  21   background of the case.
11:32:14AM  22        Now, there was a motion regarding inspection, the
11:32:18AM  23   plaintiff wants to inspect the PAC school as well as
11:32:23AM  24   neighboring Montague Elementary school to compare the
11:32:29AM  25   adequacy of the schools for the needs of the children, and
```

```
11:32:31AM  1    plaintiff contends that evaluation's necessary to address a
11:32:34AM  2    settlement proposal and alleges some ADA noncompliance
11:32:38AM  3    issues.  The defendants have objected to that inspection.
11:32:42AM  4    They argue that it's not -- that the measurements are not
11:32:47AM  5    relevant to plaintiff's discrimination claims in the school
11:32:51AM  6    closure nor proportional to the needs of the case,
11:32:57AM  7    particularly given the danger of inspection because of
11:33:02AM  8    unrepaired damage after Hurricane Ida and that if the
11:33:05AM  9    plaintiff wants specifications they could have gotten that
11:33:05AM  10   through other written discovery without having to undergo a
11:33:09AM  11   physical inspection.
11:33:10AM  12        Now, in addition to that motion, we have before us
11:33:13AM  13   the motion regarding requests for admissions.  Plaintiffs
11:33:16AM  14   propounded 165 requests for admissions and the defendants
11:33:19AM  15   responded with numerous objections to the requests.  And the
11:33:25AM  16   plaintiff has issues with those responses and objections.
11:33:31AM  17        Let's see.  All right.  With that background, go
11:33:35AM  18   ahead, Mr. Koerner.  Let me hear your argument.
11:33:38AM  19        MR. KOERNER:  Where would you like me to start?
11:33:40AM  20        THE COURT:  Well, I think you might want to start
11:33:42AM  21   with the issue I noted in my order when I scheduled oral
11:33:46AM  22   argument which is that the discovery was all sought late;
11:33:52AM  23   none of it could have been accomplished within the discovery
11:33:55AM  24   deadline.  And that's a fundamental problem that you have.
11:33:58AM  25   And I didn't see anywhere in your discussion, including your
```

| | | |
|---|---|---|
| 11:34:03AM | 1 | reply really, where you've established good cause that would |
| 11:34:07AM | 2 | justify the extension of the deadline and nor have you |
| 11:34:09AM | 3 | explained why you haven't sought from Judge Barbier a |
| 11:34:13AM | 4 | modification of his scheduling order satisfying Rule 16's |
| 11:34:16AM | 5 | good cause standard to enable you to undertake this |
| 11:34:20AM | 6 | discovery. |
| 11:34:20AM | 7 | MR. KOERNER:  Okay. |
| 11:34:20AM | 8 | THE COURT:  So that's a fundamental issue that I'm |
| 11:34:23AM | 9 | going to have first. |
| 11:34:24AM | 10 | MR. KOERNER:  Okay.  I think that was waived by not |
| 11:34:26AM | 11 | being brought up by the other team.  The second thing is |
| 11:34:30AM | 12 | lateness of my filing had to do with how late they file |
| 11:34:38AM | 13 | things.  In other words, you can't necessarily file a motion |
| 11:34:42AM | 14 | to compel until the time is elapsed for them to respond and |
| 11:34:49AM | 15 | they didn't raise this issue.  As you can see from the e-mail |
| 11:34:54AM | 16 | trail, I was misled.  In other words, we had a deal to |
| 11:35:02AM | 17 | inspect both schools and we had a lot of other things we had |
| 11:35:08AM | 18 | deals on.  I was willing to give him an extension, but he |
| 11:35:12AM | 19 | didn't -- on the requests for admission, but he didn't follow |
| 11:35:17AM | 20 | up on that.  And so I think given the circumstances I think |
| 11:35:25AM | 21 | the timeliness issue has been waived. |
| 11:35:29AM | 22 | The second thing is, is timeliness on requests for |
| 11:35:34AM | 23 | admission is a matter of enormous controversy and depending |
| 11:35:40AM | 24 | -- as I'm sure you can see from the authority I cited, it |
| 11:35:45AM | 25 | really depends where you are as to what -- as to what the |

| | | |
|---|---|---|
| 11:35:51AM | 1 | ruling is going to be.  They have -- they have lots of cases |
| 11:35:56AM | 2 | that say that requests -- okay.  The purpose of the request |
| 11:36:00AM | 3 | for admissions was to be in a position to have a shortened |
| 11:36:06AM | 4 | trial and to move for summary judgment.  In other words, the |
| 11:36:10AM | 5 | allegations of my complaint were almost entirely supported by |
| 11:36:17AM | 6 | affidavits and declarations and exhibits.  So I believe that |
| 11:36:21AM | 7 | all of the things that I said are true and that they don't |
| 11:36:27AM | 8 | want to answer them as true because based on my success, |
| 11:36:32AM | 9 | partial success, in the motion to dismiss, if -- Judge |
| 11:36:38AM | 10 | Barbier has basically said if my allegations are true, I have |
| 11:36:42AM | 11 | stayed claims upon which relief can be granted.  And that |
| 11:36:47AM | 12 | brings us to the point where we would be able to file a |
| 11:36:51AM | 13 | motion for summary judgment. |
| 11:36:53AM | 14 | In addition to that, a lot of the refusals to admit |
| 11:36:59AM | 15 | are based on the fact that we had not at that time had videos |
| 11:37:08AM | 16 | of the -- of the April 13th meeting nor audios of the |
| 11:37:15AM | 17 | committee meeting, both of which in March, both of which are |
| 11:37:21AM | 18 | essential under the Arlington Heights factors that they |
| 11:37:28AM | 19 | consider as to whether there has been purposeful |
| 11:37:33AM | 20 | discrimination.  So the purpose -- these are not a discovery |
| 11:37:41AM | 21 | device.  The purpose of the requests for admission is to |
| 11:37:45AM | 22 | shorten the trial and to avoid having to bring in as many as |
| 11:37:54AM | 23 | 100 witnesses on June 22nd from a prudential standpoint, from |
| 11:37:59AM | 24 | the standpoint of Judge Barbier who has a full docket, we |
| 11:38:04AM | 25 | want to do everything we possibly can to shorten the trial. |

11:38:10AM  1  So depositions of the people which I asked for, inspection to

11:38:17AM  2  see if the French immersion program could be successfully

11:38:23AM  3  done there, it's my understanding, you will notice in the

11:38:28AM  4  e-mail trail, I was offered to go to the PAC Elementary.  And

11:38:35AM  5  implicit was the ability to go to PAC Elementary.  And then

11:38:43AM  6  they simply withdrew the offer because they don't want to --

11:38:47AM  7  they don't want to send the information.  I also sent a

11:38:53AM  8  public records request and I was told by Ms. La Rose who is

11:38:58AM  9  putting them together, that they have detailed information

11:39:01AM  10  and I was promised that in October and they have not provided

11:39:05AM  11  it.  So we have a public records mandamus case either to

11:39:12AM  12  bring as a -- under the supplemental jurisdiction of this

11:39:14AM  13  court or in the state court.  It seems to be more sensible to

11:39:21AM  14  bring it in this court.  Because they -- what they did, is

11:39:25AM  15  they did an evaluation of all the schools, but most

11:39:32AM  16  particularly both PAC Elementary and Montegut Elementary and

11:39:39AM  17  I wanted to find out whether the schools are ADA compliant

11:39:44AM  18  and every other thing.

11:39:46AM  19      Montegut Elementary as of Ida had 243 students and

11:39:55AM  20  they are -- they have additional students who have come from

11:39:59AM  21  a damaged school.  They have six boys bathrooms and six girls

11:40:06AM  22  bathrooms that are remote from the classroom.  The two

11:40:11AM  23  children with special needs from Pointe-Aux-Chenes

11:40:18AM  24  Elementary, they can't go to PAC -- I mean, they can't go to

11:40:23AM  25  Montegut Elementary.  They have -- they have basically left

| | | |
|---|---|---|
| 11:40:25AM | 1 | the school system because they can't do it.  One of the |
| 11:40:30AM | 2 | children is autistic and can't talk.  Also, they can't get to |
| 11:40:36AM | 3 | the bathrooms which are on a different floor from the special |
| 11:40:41AM | 4 | needs room that they have.  So we have never gotten any |
| 11:40:46AM | 5 | information to -- for us to make a determination. |
| 11:40:51AM | 6 | There's also a Department of Education complaint |
| 11:40:58AM | 7 | concerning noncompliance with the -- with ADA that the Court |
| 11:41:07AM | 8 | can take judicial notice of and I'll provide information on |
| 11:41:10AM | 9 | that.  So that information is certainly relevant as well as |
| 11:41:15AM | 10 | the fact that -- |
| 11:41:15AM | 11 | THE COURT:  Relevant to what claim? |
| 11:41:17AM | 12 | MR. DUVAL:  Is that the complaint Judge Barbier |
| 11:41:19AM | 13 | issued an order denying its admittance? |
| 11:41:24AM | 14 | MR. KOERNER:  Yes. |
| 11:41:24AM | 15 | MR. DUVAL:  Well, then I move for sanctions. |
| 11:41:26AM | 16 | THE COURT:  Okay.  That's denied.  But, here, I want |
| 11:41:29AM | 17 | to hear your argument of why you think that information, |
| 11:41:33AM | 18 | which Judge Barbier has already excluded and not allowed in, |
| 11:41:36AM | 19 | why you would think it's relevant to your discrimination -- |
| 11:41:41AM | 20 | your pending claims.  I have the same issue with your ADA |
| 11:41:45AM | 21 | arguments.  I understand you may have issues, but this isn't |
| 11:41:46AM | 22 | an ADA case. |
| 11:41:46AM | 23 | MR. KOERNER:  No, it's not -- |
| 11:41:48AM | 24 | THE COURT:  We're not -- you have no ADA claim in |
| 11:41:50AM | 25 | this case.  And the limits of discovery are it has to be |

11:41:53AM  1   relevant to a claim or defense in this case.

11:41:53AM  2        MR. KOERNER:  Okay.

11:41:58AM  3        THE COURT:  And that's a problem because --

11:41:59AM  4        MR. KOERNER:  I didn't specifically plead ADA.

11:42:03AM  5        THE COURT:  No.  You didn't.

11:42:04AM  6        MR. KOERNER:  In the factual basis and my complaint,

11:42:07AM  7   I alleged lack of ADA compliance.  In other words, I

11:42:12AM  8   didn't -- it wasn't a specifically listed claim because I was

11:42:18AM  9   asked by my co-counsel who brought the ADA compliance with

11:42:27AM  10  the Department of Education not to because the Department of

11:42:30AM  11  Education refused to -- they only accepted that complaint and

11:42:35AM  12  they didn't accept anything else because it was -- it was --

11:42:42AM  13  all of it was before the court here.

11:42:43AM  14       THE COURT:  Okay.  That doesn't change the fact that

11:42:46AM  15  there is no ADA claim in this case, so all of the discussion

11:42:49AM  16  about the accessibility, while it's certainly important in

11:42:55AM  17  its own right, is not relevant in this case.

11:42:59AM  18       MR. KOERNER:  There is a -- there has been settlement

11:43:02AM  19  proposal to start a French immersion school --

11:43:06AM  20       THE COURT:  Well, wait.  Wait.  Let me stop real

11:43:08AM  21  quick on that.  I know the defendants objected to any

11:43:11AM  22  discussion of settlement in this matter and we shouldn't have

11:43:14AM  23  settlement discussions on the record.  But that said, I'm the

11:43:18AM  24  magistrate judge who's going to have your settlement

11:43:21AM  25  conference, so it doesn't offend me to hear the discussions

| | | |
|---|---|---|
| 11:43:23AM | 1 | of settlement in that context because we were supposed to |
| 11:43:26AM | 2 | have a settlement conference back in August, but then |
| 11:43:30AM | 3 | Hurricane Ida came and, I mean, it was like -- I think we |
| 11:43:31AM | 4 | were scheduled for the week after Ida if I recall -- |
| 11:43:33AM | 5 | MR. KOERNER:  A day or two. |
| 11:43:35AM | 6 | THE COURT:  Yeah, so -- |
| 11:43:35AM | 7 | MR. DUVAL:  And I don't mean to interrupt, but the |
| 11:43:37AM | 8 | problem with having settlement discussions on the record -- |
| 11:43:37AM | 9 | THE COURT:  Right. |
| 11:43:40AM | 10 | MR. DUVAL:  -- is this case is being tried in the |
| 11:43:43AM | 11 | local press -- |
| 11:43:43AM | 12 | THE COURT:  Okay, so let's -- |
| 11:43:43AM | 13 | MR. DUVAL:  -- and that could severely undermine my |
| 11:43:46AM | 14 | ability to deal with a public body when I have to go get |
| 11:43:50AM | 15 | approval. |
| 11:43:50AM | 16 | THE COURT:  Okay.  So let's not discuss the |
| 11:43:52AM | 17 | settlement issues on the record, so let's just keep those -- |
| 11:43:55AM | 18 | MR. KOERNER:  Obviously -- |
| 11:43:56AM | 19 | THE COURT:  We will talk about settlement after this |
| 11:43:59AM | 20 | hearing.  I'd like to address that topic with you all since |
| 11:44:03AM | 21 | we had to delay.  And it's been now two full months since we |
| 11:44:07AM | 22 | were supposed to have our conference and I know y'all jointly |
| 11:44:10AM | 23 | asked for an extension, which I gave you.  But I want to talk |
| 11:44:14AM | 24 | to y'all about that.  So let's leave out that. |
| 11:44:14AM | 25 | MR. KOERNER:  Well -- |

| | | |
|---|---|---|
| 11:44:15AM | **1** | THE COURT:  But let me just say this, too, |
| 11:44:17AM | **2** | Mr. Koerner.  The proposals that have been made for |
| 11:44:20AM | **3** | settlement is not a claim or defense in the case and that is |
| 11:44:23AM | **4** | what ties my hands to govern discovery. |
| 11:44:26AM | **5** | MR. KOERNER:  Okay.  The problem we have is, is that |
| 11:44:29AM | **6** | they want to settle the entire case on the basis of -- |
| 11:44:34AM | **7** | something at PAC -- I mean, at Montegut Elementary.  If -- if |
| 11:44:39AM | **8** | I can't see the place, the parents can't see the place, and |
| 11:44:43AM | **9** | nobody can see the place, how do we know that we can stomach |
| 11:44:47AM | **10** | that? |
| 11:44:47AM | **11** | THE COURT:  Well, because then in our settlement |
| 11:44:50AM | **12** | discussions, we can talk about conditions and provisions. |
| 11:44:53AM | **13** | So, yes, you could go to Montgomery if they modify it to do |
| 11:44:57AM | **14** | A, B, C, and D.  So you let them know what it is that you |
| 11:45:00AM | **15** | would deem acceptable and we'll discuss this in a settlement |
| 11:45:05AM | **16** | conference. |
| 11:45:06AM | **17** | MR. KOERNER:  We don't know -- |
| 11:45:07AM | **18** | THE COURT:  But there are ways to address what you |
| 11:45:09AM | **19** | need to make those conditions in your settlement and if they |
| 11:45:11AM | **20** | can't do it, then you don't settle. |
| 11:45:11AM | **21** | MR. KOERNER:  We had dates set up to go see Montegut |
| 11:45:15AM | **22** | Elementary. |
| 11:45:15AM | **23** | THE COURT:  I understand.  But here's my point -- |
| 11:45:18AM | **24** | MR. KOERNER:  And then they reneged on them. |
| 11:45:21AM | **25** | THE COURT:  On the claims and defenses in this case, |

11:45:23AM   1   the condition of Montegut Elementary is not relevant.

11:45:27AM   2        MR. KOERNER:  Obviously, I have to -- I have to amend

11:45:29AM   3   to bring the ADA compliance issue in, which I will do

11:45:35AM   4   promptly.

11:45:35AM   5        THE COURT:  I mean, you know, do what you need to do,

11:45:38AM   6   but I'll tell you, I don't know what the -- what the

11:45:41AM   7   pre-filing administrative exhaustion requirements are with

11:45:46AM   8   regard to an ADA claim against a public facility.  I don't

11:45:50AM   9   know.  In private practice --

11:45:50AM  10        MR. KOERNER:  And I believe --

11:45:51AM  11        THE COURT:  -- I did employment work and I know what

11:45:53AM  12   you have under -- with a private employer, but I don't know

11:45:57AM  13   what it's like for this.  So you do what you need to do.  But

11:45:59AM  14   first you're going to have to ask for extensions because your

11:46:03AM  15   amendment period's long gone.

11:46:03AM  16        MR. KOERNER:  Yes.

11:46:05AM  17        THE COURT:  So you're going to need Judge Barbier to

11:46:08AM  18   modify the scheduling order.  So you got a lot of issues to

11:46:10AM  19   try to do that.

11:46:11AM  20        MR. KOERNER:  As you know, I go and research stuff

11:46:14AM  21   and find out things and so I will obviously do that.

11:46:18AM  22        So I believe it's important that we actually go see

11:46:23AM  23   PAC Elementary.  They agreed to it.  I mean, not PAC, but

11:46:28AM  24   both PAC and Montegut.  They agreed to it.  They owe me --

11:46:31AM  25   they owe me, Ms. Rose (sic) who I talked to a month ago, is

11:46:38AM  1   the person who is in charge of accumulating all of that and

11:46:41AM  2   I'm entitled to that public record information.

11:46:41AM  3          THE COURT:  Again, that's not --

11:46:47AM  4          MR. KOERNER:  Would you like me to stop at this point

11:46:49AM  5   and let my opponent --

11:46:50AM  6          THE COURT:  Because that's not the issues -- you're

11:46:52AM  7   arguing other things.  You're not arguing the relevance of

11:46:58AM  8   your request vis-a-vis the claims and defenses in this case

11:47:01AM  9   and that's what I need to hear from you.  I mean, I

11:47:02AM 10   understand you got a public records request.  That's not

11:47:05AM 11   before me.

11:47:06AM 12          MR. KOERNER:  Okay.  If part of the discrimination is

11:47:11AM 13   the fact that they provide a school without adequate

11:47:17AM 14   facilities, which we alleged, then it's relevant.  In other

11:47:21AM 15   words, my understanding of the law is that it doesn't have to

11:47:26AM 16   be specifically pleaded as long as it could lead to

11:47:31AM 17   something.  So how am I supposed to make allegations that the

11:47:37AM 18   facilities are unsuitable without the basic information as to

11:47:45AM 19   suitability.  In other words, I'm caught in a catch-22.  In

11:47:50AM 20   other words, I can't in good faith under Rule 11 make those

11:47:55AM 21   allegations until I've seen the place or gotten the public

11:47:59AM 22   records request.  But I can't see a place and I can't -- and

11:48:04AM 23   they won't give me the public records request, so I'm stuck.

11:48:09AM 24   So what am I supposed to do?  I mean, I can't fly over there

11:48:14AM 25   with a drone.  I can't be inside of it.  I need that

11:48:18AM 1    information in order to make that claim in good faith and to

11:48:20AM 2    comply with Rule 11.

11:48:21AM 3         THE COURT:  Explain to me why the physical conditions

11:48:24AM 4    of Montegut bear on your -- could lead -- bear on or

11:48:33AM 5    reasonably could lead to a matter that would bear on your

11:48:38AM 6    discrimination claim in your case?  Explain that.  I don't

11:48:41AM 7    see that connection and I need to in order --

11:48:41AM 8         MR. KOERNER:  PAC --

11:48:42AM 9         THE COURT:  -- to follow you.

11:48:42AM 10        MR. KOERNER:  -- Elementary is one story.  It had a

11:48:46AM 11   bathroom for every classroom and so the special needs

11:48:49AM 12   children could go to the bathroom at any time.  They took

11:48:54AM 13   that away from -- from -- it was 70 percent Native American

11:48:59AM 14   and 30 percent Cajun.  They took that away from them after

11:49:06AM 15   promising that they wouldn't -- that they would not do it.

11:49:09AM 16   They would not close PAC elementary.  So these children, who

11:49:13AM 17   are happy as they could be, although they couldn't speak

11:49:18AM 18   French there, they were happy as they could be at PAC

11:49:21AM 19   Elementary and it was taken away from them.

11:49:23AM 20        And there's a two-hour and twelve-minute video of the

11:49:29AM 21   August 13th hearing which I have -- I'm presenting as a

11:49:44AM 22   manual attachment today.  And so they took it away from them.

11:49:48AM 23   They discriminated against them and they sent them to a

11:49:52AM 24   school that was unsatisfactory instead of a school that was

11:49:57AM 25   entirely satisfactory.  There was a million dollars

11:50:01AM **1**  appropriated by the legislature to save PAC Elementary.

11:50:06AM **2**  There were like 30 or 40 people who spoke, including --

11:50:10AM **3**  including professors, representatives of the lieutenant

11:50:11AM **4**  governor, the people from the levy board, everybody spoke in

11:50:14AM **5**  favor of it.  They took that away from us.  We've alleged

11:50:17AM **6**  that.  That's part of the fallout.

11:50:19AM **7**       THE COURT:  Right, but here's the issue.  The claim

11:50:21AM **8**  is that the decision was discriminatory, not just that the

11:50:25AM **9**  decision happened and the decision is, you know, contrary to

11:50:29AM **10**  what the students and the parents wanted.  It is the decision

11:50:33AM **11**  was discriminatory.  That's the issue in the Title VI case.

11:50:37AM **12**  So, you know, there's going to -- the school board or

11:50:42AM **13**  whatever is going to have to figure out how to budget their

11:50:46AM **14**  funds and how to spend their money.  So what you're needing

11:50:49AM **15**  to establish is that they made this decision to close PAC not

11:50:51AM **16**  because they had legitimate business reasons, because they

11:50:54AM **17**  had to decide how to spend their money, but because they did

11:50:57AM **18**  it on a discriminatory motivation, and that's --

11:50:57AM **19**       MR. KOERNER:  Yes.

11:51:03AM **20**       THE COURT:  -- and you're just saying all this

11:51:04AM **21**  happened, they closed the school and it's horrible and it has

11:51:06AM **22**  bad consequences.  I don't disagree, but I don't see how that

11:51:10AM **23**  means it was discriminatory.  Where's the evidence of

11:51:14AM **24**  discrimination and how is looking at what Montegut has

11:51:17AM **25**  facility wise going to show discrimination?

11:51:21AM  1          MR. KOERNER:  Okay.  The case in -- they had no basis

11:51:25AM  2    for it.  They promised that they wouldn't do it.

11:51:30AM  3          THE COURT:  So they broke their promise.  It's still

11:51:34AM  4    not giving me discrimination is where I'm struggling with --

11:51:36AM  5          MR. KOERNER:  There's a case that came out of the

11:51:39AM  6    First Circuit last week that basically said with regard to

11:51:44AM  7    Kevin Davis, who is the president of St. Tammany Parish, he

11:51:47AM  8    came out one time and stood on property and said I'm going to

11:51:51AM  9    build a lateral that will permit water to drain from the

11:52:00AM 10    Masitas', plaintiff's properties, and go to Tchefuncte and it

11:52:03AM 11    never happened.  That was one time.  And I won on that issue.

11:52:07AM 12    And so --

11:52:08AM 13          THE COURT:  On a Title 6 claim for discrimination?

11:52:10AM 14          MR. KOERNER:  No, it's not a Title 6, on a --

11:52:10AM 15          THE COURT:  That's my point.

11:52:14AM 16          MR. KOERNER:  -- detrimental reliance claim.

11:52:17AM 17          THE COURT:  Okay.  You don't have a detrimental

11:52:20AM 18    reliance claim in this case.

11:52:21AM 19          MR. KOERNER:  Not at this point, but as you see from

11:52:22AM 20    the authority I cited, I just have to file a Rule 54(b) to

11:52:25AM 21    get a detrimental reliance claim.  Certainly --

11:52:28AM 22          THE COURT:  The Rule 54(b) I thought Judge Barbier

11:52:31AM 23    denied your request for a 54(b).

11:52:34AM 24          MR. KOERNER:  That was only on one element.  And that

11:52:37AM 25    was my mistaken belief that he ruled on something they hadn't

| | | |
|---|---|---|
| 11:52:44AM | 1 | raise.  I got nailed on that. |
| 11:52:45AM | 2 | THE COURT:  Well, listen, the rules in discovery are |
| 11:52:48AM | 3 | you get to conduct discovery on the claims and defenses that |
| 11:52:52AM | 4 | you've asserted. |
| 11:52:54AM | 5 | MR. KOERNER:  And anything else that's reasonably -- |
| 11:52:56AM | 6 | THE COURT:  No, no, not potential claims you haven't |
| 11:52:58AM | 7 | yet asserted.  You don't do discovery to find new claims. |
| 11:53:01AM | 8 | No.  The case law is pretty clear.  The discovery is |
| 11:53:04AM | 9 | discovery relevant to any claim or defense. |
| 11:53:07AM | 10 | MR. KOERNER:  Or which may be relevant to any other |
| 11:53:12AM | 11 | claim or defense. |
| 11:53:13AM | 12 | THE COURT:  No.  No.  No.  That's not what the law |
| 11:53:16AM | 13 | is.  It's not what's relevant to what I've pled in anything |
| 11:53:19AM | 14 | that I might happen to find.  That's not -- you don't get to |
| 11:53:21AM | 15 | -- |
| 11:53:21AM | 16 | MR. KOERNER:  Well, I cited cases directly on point |
| 11:53:25AM | 17 | -- |
| 11:53:25AM | 18 | THE COURT:  I disagree.  It's -- the Rule 26 is |
| 11:53:28AM | 19 | pretty clear.  It needs to be relevant to a claim or defense |
| 11:53:29AM | 20 | and proportional to the needs of the case. |
| 11:53:33AM | 21 | MS. PAPA:  Can I consult with counsel for one minute? |
| 11:53:36AM | 22 | THE COURT:  Well, let me go ahead and have him finish |
| 11:53:40AM | 23 | and then I'm going to hear from the defendants.  He'll get a |
| 11:53:40AM | 24 | chance to do a rebuttal response, and at that point, y'all |
| 11:53:43AM | 25 | can confer and I can hear from him.  Are you done, |

| | | |
|---|---|---|
| 11:53:44AM | 1 | Mr. Koerner? |
| 11:53:46AM | 2 | MR. KOERNER:  Yes. |
| 11:53:46AM | 3 | THE COURT:  All right.  Thank you. |
| 11:53:47AM | 4 | Let me hear from the defendants. |
| 11:53:55AM | 5 | MR. DUVAL:  Still good morning, Your Honor.  Berwick |
| 11:53:59AM | 6 | Duval on behalf of the defendants.  I had -- because I'm a |
| 11:54:06AM | 7 | stand-in, Ms. Papa was going to argue the request for |
| 11:54:12AM | 8 | admission portion of it if that is all right with Your Honor. |
| 11:54:15AM | 9 | THE COURT:  That's fine. |
| 11:54:16AM | 10 | MR. DUVAL:  I developed a timeline.  You went over a |
| 11:54:19AM | 11 | good part of it, but I think it is instructive so if you |
| 11:54:23AM | 12 | would bear with me because it's important to understand the |
| 11:54:28AM | 13 | timeline of the case.  Of course, the petition was filed on |
| 11:54:33AM | 14 | June 11, 2021.  A minute entry was entered on July 9, 2021, |
| 11:54:37AM | 15 | by Judge Barbier denying the TRO requested by the plaintiffs. |
| 11:54:40AM | 16 | By 7/13/2021, Judge Barbier entered his reasons for judgment |
| 11:54:46AM | 17 | and he said that the plaintiffs could not show a substantial |
| 11:54:51AM | 18 | likelihood of success on any of their claims as the reason |
| 11:54:55AM | 19 | for denying his TRO.  7/19/2021, the scheduling order comes |
| 11:54:59AM | 20 | out, which is pertinent to your order for today; the |
| 11:55:04AM | 21 | plaintiffs' expert report deadline was August 2, 2021, |
| 11:55:10AM | 22 | discovery deadline of 8/16/2021, trial date of 10/4.  Then on |
| 11:55:20AM | 23 | August 5th, plaintiff propounds 165 requests for admissions |
| 11:55:25AM | 24 | along with other discovery to us.  8/16 the discovery |
| 11:55:29AM | 25 | deadline arrives.  Technically, the submission of the 165 |

| | | |
|---|---|---|
| 11:55:37AM | 1 | requests for admissions was late because it did not give us |
| 11:55:40AM | 2 | enough time to reply within the set discovery -- |
| 11:55:44AM | 3 | THE COURT:  Right.  The options are you send it |
| 11:55:47AM | 4 | 30 days before the expiration of the discovery deadline or |
| 11:55:50AM | 5 | you file a motion with the judge to shorten the response |
| 11:55:50AM | 6 | period to get the responses before the discovery deadline. |
| 11:55:55AM | 7 | Those are the options. |
| 11:55:56AM | 8 | MR. DUVAL:  8/19/2021 the plaintiffs propounded their |
| 11:55:59AM | 9 | requests for admission -- I'm sorry -- |
| 11:55:59AM | 10 | THE COURT:  Inspection. |
| 11:56:02AM | 11 | MR. DUVAL:  -- inspection of Montegut and |
| 11:56:04AM | 12 | Pointe-Aux-Chenes, also late.  8/29 Hurricane Ida hits.  The |
| 11:56:07AM | 13 | court can take judicial notice because of General Order No. |
| 11:56:11AM | 14 | 21-12 ordered by Chief Judge Brown dated September 4, 2021, |
| 11:56:17AM | 15 | which also suspended various dates by which you had to answer |
| 11:56:24AM | 16 | such things as requests for admissions.  It had a built-in |
| 11:56:29AM | 17 | suspension in General Order 21-12.  9/7/21, Judge Barbier |
| 11:56:36AM | 18 | continues the trial and he states that any deadlines that |
| 11:56:40AM | 19 | were expired remain expired explicitly in the order. |
| 11:56:52AM | 20 | 9/21/21, Mr. Louis -- excuse me. |
| 11:56:59AM | 21 | THE COURT:  Koerner.  Mr. Koerner. |
| 11:57:02AM | 22 | MR. DUVAL:  Mr. Koerner grants an extension to Stan |
| 11:57:06AM | 23 | Duval until 10/14/2021 to answer the requests for admissions |
| 11:57:09AM | 24 | so where he states in his brief we filed them late.  We did |
| 11:57:12AM | 25 | not.  That's a written by the way extension and he attached |

| | | |
|---|---|---|
| 11:57:16AM | 1 | it to his memorandum, so it -- |
| 11:57:20AM | 2 | THE COURT:  It's mistaken. |
| 11:57:21AM | 3 | MR. DUVAL:  It's in the record.  And so -- and |
| 11:57:25AM | 4 | 9/29/21 a new schedule or order is entered by Judge Barbier |
| 11:57:30AM | 5 | and it specifically says the deadline for written reports of |
| 11:57:33AM | 6 | expert has expired and will not be reset.  The deadline for |
| 11:57:37AM | 7 | taking depositions for trial and the deadline for discovery |
| 11:57:39AM | 8 | has expired and will not be reset.  So when Mr. Koerner |
| 11:57:44AM | 9 | states in his memorandum that Judge Barbier didn't address |
| 11:57:47AM | 10 | the deadline, that is just factually inaccurate. |
| 11:57:50AM | 11 | On 9/30/2021, we filed our objection to the |
| 11:57:57AM | 12 | inspection of Montegut Middle School and Pointe-Aux-Chenes |
| 11:58:00AM | 13 | School and on 9/30 we served our answers and objections to |
| 11:58:05AM | 14 | requests for admissions within the deadline period granted by |
| 11:58:08AM | 15 | Mr. Koerner in his e-mail of 9/21/21.  That's attached to his |
| 11:58:14AM | 16 | memorandum. |
| 11:58:17AM | 17 | Then, of course, 9/19 the plaintiffs filed a motion |
| 11:58:19AM | 18 | to compel inspection of the school and for sanctions even |
| 11:58:23AM | 19 | after the deadline of Judge Barbier's new scheduling order. |
| 11:58:27AM | 20 | 11/2/21 Judge Barbier issues his reasons dismissing the |
| 11:58:32AM | 21 | second through sixth causes of actions with prejudice and the |
| 11:58:35AM | 22 | judge has been through that, you understand that.  And then |
| 11:58:38AM | 23 | the 11/8/2021 the plaintiffs filed a motion to correct Judge |
| 11:58:43AM | 24 | Barbier's order and then 11/10/21 he denied their motion as |
| 11:58:49AM | 25 | wholly unfounded and frivolous.  And then we have at 11/10/21 |

| | | |
|---|---|---|
| 11:58:52AM | 1 | they filed a motion for sanctions against us regarding our |
| 11:58:55AM | 2 | answers to requests for admissions that we graciously filed |
| 11:58:59AM | 3 | even though we didn't have to and he asked for sanctions |
| 11:59:02AM | 4 | against us.  That's the timeline. |
| 11:59:04AM | 5 | Some additional facts I'd like to address because Mr. |
| 11:59:07AM | 6 | Koerner raised some things about Terrebonne Parish School |
| 11:59:12AM | 7 | Board and Hurricane Ida, the court's aware Hurricane Ida came |
| 11:59:15AM | 8 | ashore directly impacting Terrebonne Parish on August 29, |
| 11:59:19AM | 9 | 2021.  Out of the 45 structures maintained by the Terrebonne |
| 11:59:24AM | 10 | Parish School Board, all of them were damaged by Hurricane |
| 11:59:26AM | 11 | Ida.  The preliminary estimate from our adjusting firm is |
| 11:59:30AM | 12 | that the buildings alone suffered about $124 million in |
| 11:59:37AM | 13 | damages as a result of Ida.  When you add in the contents, |
| 11:59:42AM | 14 | our damage is roughly $200 million as a result of Hurricane |
| 11:59:47AM | 15 | Ida.  The damage to the Pointe-Aux-Chenes school alone, just |
| 11:59:50AM | 16 | the building, is 1.8 million.  Before it was closed, |
| 11:59:55AM | 17 | Pointe-Aux-Chenes -- |
| 11:59:56AM | 18 | MR. KOERNER:  Your Honor, I'm going to object.  That |
| 11:59:58AM | 19 | was -- I requested that in a public records request and they |
| 12:00:05PM | 20 | had not provided it.  I think it's not in the record.  It's |
| 12:00:09PM | 21 | not anywhere.  I think those representations are entirely |
| 12:00:11PM | 22 | inappropriate. |
| 12:00:12PM | 23 | THE COURT:  Well, frankly, Mr. Duval, they're |
| 12:00:13PM | 24 | irrelevant to the issues -- |
| 12:00:14PM | 25 | MR. DUVAL:  Well, he brought it up.  He brought up a |

| | | |
|---|---|---|
| 12:00:17PM | 1 | bunch of stuff about his public records, talking about |
| 12:00:20PM | 2 | somebody named Ms. La Rose.  He brought up the Montegut |
| 12:00:25PM | 3 | Elementary bathrooms and all of this.  That's what I'm |
| 12:00:27PM | 4 | getting to.  I would like to address that because he brought |
| 12:00:29PM | 5 | it up, he opened that door.  I'd like to close it. |
| 12:00:32PM | 6 | THE COURT:  Here's my point, I don't see the |
| 12:00:34PM | 7 | relevance of that.  So I don't see the relevance of this. |
| 12:00:37PM | 8 | MR. DUVAL:  I'm getting to it.  It's about the |
| 12:00:40PM | 9 | inspection.  And if you want to, I'll hurry up -- |
| 12:00:40PM | 10 | THE COURT:  Now, on the inspection, I have some -- |
| 12:00:42PM | 11 | MR. DUVAL:  I'm getting to it because I want to tell |
| 12:00:45PM | 12 | you -- I'll wrap it up real quick. |
| 12:00:47PM | 13 | THE COURT:  Wrap it up real quick. |
| 12:00:49PM | 14 | MR. DUVAL:  Because what we have is, we have a |
| 12:00:51PM | 15 | functioning school board with many of our schools closed, two |
| 12:00:54PM | 16 | of the major high schools will be closed for the remainder of |
| 12:00:59PM | 17 | the year, so we're platooning students.  So we're under a |
| 12:01:02PM | 18 | severely overcrowding and taxing situation and Montegut |
| 12:01:07PM | 19 | Elementary does have -- Montegut Elementary, the school he |
| 12:01:08PM | 20 | wants to inspect, it is -- |
| 12:01:08PM | 21 | THE COURT:  Platooning students. |
| 12:01:11PM | 22 | MR. DUVAL:  -- housing additional students from |
| 12:01:15PM | 23 | another school that is closed.  We have -- I want to say our |
| 12:01:23PM | 24 | enrollment is 15,000 students parish wide, 4,400 high school |
| 12:01:31PM | 25 | students, we're down two high schools.  So it's a pressure |

| | | |
|---|---|---|
| 12:01:33PM | 1 | cooker.  We had a pandemic.  We now have Ida.  He wants to go |
| 12:01:39PM | 2 | in with tape measure, experts.  His initial request, he |
| 12:01:41PM | 3 | wanted to go look at Montegut Elementary.  Going back to the |
| 12:01:46PM | 4 | settlement -- and I looked at the chain between Stan Duval |
| 12:01:49PM | 5 | and him - and, yeah, they were going to let him.  Fine.  You |
| 12:01:50PM | 6 | want to go take a look at it, that's fine.  But when we get |
| 12:01:50PM | 7 | the request, it's a host of people to measure and look at |
| 12:01:54PM | 8 | bathrooms and a lot of other things that made absolutely no |
| 12:01:58PM | 9 | sense comparing to what his claims were.  That was denied. |
| 12:02:03PM | 10 | Because, quite frankly, right now, we don't have the time or |
| 12:02:06PM | 11 | the inclination to do that because of what we're under-- what |
| 12:02:11PM | 12 | the school board is having to do right now. |
| 12:02:14PM | 13 | And Montegut -- and as far as Pointe-Aux-Chenes goes, |
| 12:02:17PM | 14 | it hasn't been fixed and it probably won't be.  It's a total |
| 12:02:21PM | 15 | loss.  We've had other state agencies and parish agencies -- |
| 12:02:27PM | 16 | because you could imagine housing -- |
| 12:02:27PM | 17 | MR. KOERNER:  I'm going to object to his -- I'm going |
| 12:02:29PM | 18 | to object to things that he's saying that I should have |
| 12:02:32PM | 19 | gotten in a public records request.  In other words, they've |
| 12:02:37PM | 20 | made misrepresentations all along -- at the -- |
| 12:02:42PM | 21 | MR. DUVAL:  I'll object to that.  If we're going to |
| 12:02:44PM | 22 | start objecting, I'm going to object to that. |
| 12:02:46PM | 23 | THE COURT:  We're going to stop.  We're going to let |
| 12:02:49PM | 24 | each other argue.  I'm going to filter out what's relevant |
| 12:02:54PM | 25 | and what's relevant because so far all of this discussion to |

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
| 12:02:56PM | 1  | me is irrelevant.  When we're talking about the inspection, |
| 12:02:58PM | 2  | all I want to know on the inspection request, first, I have |
| 12:03:01PM | 3  | to get over the obstacles with the timing and the form of the |
| 12:03:07PM | 4  | request deficiencies, but let's get to the ultimate point on |
| 12:03:11PM | 5  | the relevance of it.  Nobody has tied it to the alleged |
| 12:03:14PM | 6  | discrimination claims and that's where I'm stuck.  Until I |
| 12:03:17PM | 7  | can see why it's relevant, it's not going to happen and I |
| 12:03:20PM | 8  | don't see it.  And so, you know, all of these things that |
| 12:03:24PM | 9  | y'all are telling me, it's all nice information, but it's not |
| 12:03:27PM | 10 | moving the ball here at all.  It really isn't. |
| 12:03:29PM | 11 | MR. DUVAL:  I guess the point I'm getting to is that |
| 12:03:35PM | 12 | originally -- and I want to address the point that he was |
| 12:03:39PM | 13 | misled, he said that specifically, and I think I need to |
| 12:03:45PM | 14 | address that point -- |
| 12:03:46PM | 15 | THE COURT:  You know, I saw the e-mails. |
| 12:03:47PM | 16 | MR. DUVAL:  You didn't see them all.  He weeded them |
| 12:03:50PM | 17 | out.  And there's one where he asked Stan Duval, he said, |
| 12:03:56PM | 18 | look, I missed my expert deadlines, can you help me out?  And |
| 12:04:00PM | 19 | that was our first mistake, because we tried to.  We have |
| 12:04:04PM | 20 | this e-mail.  We'd be glad to give it to you.  And -- |
| 12:04:07PM | 21 | THE COURT:  Look, you know, the deadlines that the |
| 12:04:11PM | 22 | court set, you guys can agree between yourselves to do |
| 12:04:14PM | 23 | whatever you want to do, but when you come in and ask the |
| 12:04:17PM | 24 | court to do something, the court needs to be the one to okay |
| 12:04:20PM | 25 | the extensions and do it.  So, I mean, that's between you |

```
12:04:23PM   1    all.  The Court isn't going to enforce y'all's discussions.

12:04:26PM   2    You know, if you get in agreement for an extension, you file

12:04:28PM   3    a joint motion for the extension, because the court manages

12:04:30PM   4    the court's docket, and if the extension is going to disrupt

12:04:34PM   5    the schedule, then the court is going to say no and

12:04:38PM   6    regardless what y'all agree, the court is not going to

12:04:41PM   7    enforce it.

12:04:41PM   8         MR. DUVAL:  My point being, we did -- we still would

12:04:44PM   9    but having sanction motions filed against you and --

12:04:49PM   10        THE COURT:  Look, I know you all -- this is very

12:04:51PM   11   personal and very emotional --

12:04:51PM   12        MR. DUVAL:  It makes it tough.

12:04:53PM   13        THE COURT:  -- and I get that and when that happens,

12:04:56PM   14   people kind of escalate things and start throwing around

12:05:00PM   15   sanctions and we forget our professionalism a little bit

12:05:04PM   16   because we get too -- our hearts get attached to the claims

12:05:07PM   17   and I see that is what's happening.  I don't attribute any

12:05:11PM   18   bad motives or any real animosity between you all.  I just

12:05:14PM   19   think y'all are very passionate about your cases.  So I'm

12:05:19PM   20   going to recommend y'all try to tone it down a little bit and

12:05:22PM   21   remember your professionalism and get a little more

12:05:23PM   22   cooperative, you know, and see what y'all can do to get this

12:05:26PM   23   resolved that's in the best interest of everyone.

12:05:30PM   24        MR. DUVAL:  And I'll turn it over -- if you would

12:05:31PM   25   like to address the requests for admissions one by one,
```

| | | |
|---|---|---|
| 12:05:36PM | 1 | Ms. Papa is ready and we can do that if you would like to do |
| 12:05:41PM | 2 | that. |
| 12:05:41PM | 3 | THE COURT:  I don't want to address them one by one, |
| 12:05:44PM | 4 | but what I'm going to tell you is, Ms. Papa, you can come on |
| 12:05:48PM | 5 | up.  Let's set aside the timeliness issue of it, let's set |
| 12:05:55PM | 6 | aside that.  Let's set aside the relevance and the fact that |
| 12:05:57PM | 7 | a lot of them related to dismissed claims that would not be |
| 12:06:00PM | 8 | appropriate if we get to the -- if we get to a point where |
| 12:06:02PM | 9 | Judge Barbier reopens discovery and allows the plaintiffs to |
| 12:06:05PM | 10 | send in requests for admission and they send requests for |
| 12:06:09PM | 11 | admissions that relate to the pending claims or defenses, |
| 12:06:12PM | 12 | then we can talk about your objections.  And some of your |
| 12:06:14PM | 13 | objections are patently improper and would need to be |
| 12:06:18PM | 14 | addressed. |
| 12:06:20PM | 15 | MS. PAPA:  Absolutely.  Not that I'm admitting that |
| 12:06:22PM | 16 | they are, but if the judge finds that -- |
| 12:06:24PM | 17 | THE COURT:  You can take your mask off. |
| 12:06:27PM | 18 | MS. PAPA:  Oh, I'm sorry. |
| 12:06:27PM | 19 | THE COURT:  No, that's okay.  It just muffles. |
| 12:06:28PM | 20 | MS. PAPA:  So if the judge finds that they were |
| 12:06:32PM | 21 | improper, the responses, then we would be more than happy to |
| 12:06:37PM | 22 | amend them. |
| 12:06:37PM | 23 | THE COURT:  Right. |
| 12:06:37PM | 24 | MS. PAPA:  That is not an issue. |
| 12:06:37PM | 25 | THE COURT:  And the reason I'm saying this is because |

| | | |
|---|---|---|
| 12:06:40PM | 1 | if Judge Barbier were to extend deadlines and reopen |
| 12:06:44PM | 2 | discovery, if Mr. Koerner files a motion and establishes good |
| 12:06:47PM | 3 | cause and Judge Barbier does that and gives him the |
| 12:06:49PM | 4 | opportunity to reissue discovery, then you're going to get |
| 12:06:52PM | 5 | some new requests for admissions I'd imagine. |
| 12:06:52PM | 6 | MS. PAPA:  I'm sure. |
| 12:06:56PM | 7 | THE COURT:  And when you do, you cannot say things |
| 12:07:00PM | 8 | like denied as written. |
| 12:07:02PM | 9 | MS. PAPA:  So when that does come around, if it does |
| 12:07:04PM | 10 | come around, we would be more than happy to either amend our |
| 12:07:08PM | 11 | answers -- oh, I'm sorry. |
| 12:07:16PM | 12 | THE COURT:  Well, you'd be answering new requests is |
| 12:07:16PM | 13 | what you would be doing. |
| 12:07:16PM | 14 | MS. PAPA:  Okay. |
| 12:07:16PM | 15 | THE COURT:  Yeah.  So if you object to something, you |
| 12:07:16PM | 16 | can't object that it's compound.  I saw those.  That's |
| 12:07:23PM | 17 | improper.  You can't deny as written, that's improper.  If |
| 12:07:27PM | 18 | you have a compound request, you have to break it apart |
| 12:07:32PM | 19 | yourself and deny what you need to deny and admit what you |
| 12:07:34PM | 20 | can admit. |
| 12:07:37PM | 21 | MS. PAPA:  We will be happy to do that, Judge. |
| 12:07:38PM | 22 | THE COURT:  I know that you argued a lot of them were |
| 12:07:41PM | 23 | sequential and they supported based on the prior thing, but |
| 12:07:41PM | 24 | you got to go through it one by one and say, you know, why |
| 12:07:45PM | 25 | you can't admit it or why it's denied or whatever.  On your |

12:07:51PM **1**  denied as written, you have to explain why you can't admit it

12:07:54PM **2**  as written and then you admit as much as you can and deny the

12:07:54PM **3**  remainder.

12:07:57PM **4**       MS. PAPA:  Yes, Your Honor.  I believe that there is

12:07:58PM **5**  a federal rule that says that each different fact or, you

12:08:04PM **6**  know, request for admission has to be singularly stated and

12:08:09PM **7**  Mr. Koerner did not do that.

12:08:12PM **8**       THE COURT:  Well, it's Rule 36 is the requests for

12:08:15PM **9**  admissions rule.

12:08:17PM **10**      MS. PAPA:  Let me go grab mine.

12:08:22PM **11**      THE COURT:  Yeah, you can grab your book.

12:08:27PM **12**      MS. PAPA:  Sorry, Your Honor.

12:08:28PM **13**      THE COURT:  Okay.  So it's 36(a)(1), which says a

12:08:34PM **14** party may serve on any other party a written request to admit

12:08:38PM **15** for purposes of the pending action only.  The truth of any

12:08:41PM **16** matter within the scope of Rule 26(b)(1), relating to (A)

12:08:47PM **17** facts, the application of law to facts, or opinions about

12:08:51PM **18** either and (B) the genuineness of any described document.

12:08:58PM **19** That's what the rule allows.

12:09:00PM **20**      So some of your objections that they called for legal

12:09:03PM **21** conclusions, if it is a pure legal conclusion, that falls

12:09:08PM **22** outside of the authorized rule and you can object on that

12:09:11PM **23** basis, but if it is the application of law to facts, that is

12:09:17PM **24** still appropriate for a request for admission.  So it's a

12:09:22PM **25** thin line, but there are cases that explain when it is a pure

| | | |
|---|---|---|
| 12:09:26PM | 1 | legal conclusion and when it's an application of law to facts |
| 12:09:27PM | 2 | and I know a lot of lawyers and I did it a lot myself when I |
| 12:09:31PM | 3 | was in practice, lawyers don't like to apply law to facts |
| 12:09:34PM | 4 | period, but you have to, okay?  So you'll need to be |
| 12:09:40PM | 5 | cognizant of that should you get a new request and opinions, |
| 12:09:43PM | 6 | those are all fair game and the cases on rule -- on requests |
| 12:09:46PM | 7 | for admissions are pretty strong with requiring you to answer |
| 12:09:50PM | 8 | the requests and admit them or deny them because, as |
| 12:09:54PM | 9 | Mr. Koerner argued earlier, the goal is to narrow the issues |
| 12:09:59PM | 10 | for trial so that they have basically -- almost like a |
| 12:10:02PM | 11 | stipulation.  So you take these facts out of disputed facts |
| 12:10:06PM | 12 | so nobody has to call witnesses to prove it at trial and it |
| 12:10:11PM | 13 | expedites things and narrows the issues. |
| 12:10:14PM | 14 | So that said, I wanted to highlight those issues with the |
| 12:10:16PM | 15 | objections because if you get a new set, you don't want to |
| 12:10:19PM | 16 | have those same problems and I don't want to see a motion to |
| 12:10:23PM | 17 | compel that something was denied as written.  Okay. |
| 12:10:25PM | 18 | MS. PAPA:  Yes, Your Honor. |
| 12:10:26PM | 19 | THE COURT:  Okay. |
| 12:10:26PM | 20 | MS. PAPA:  Thank you. |
| 12:10:26PM | 21 | THE COURT:  Did you want to say anything about the |
| 12:10:28PM | 22 | request for admissions? |
| 12:10:29PM | 23 | MS. PAPA:  I have a lot to say. |
| 12:10:32PM | 24 | THE COURT:  We're not going to go through them one by |
| 12:10:34PM | 25 | one. |

| | | |
|---|---|---|
| 12:10:34PM | 1 | MS. PAPA:  No -- |
| 12:10:34PM | 2 | THE COURT:  There's 195 of them. |
| 12:10:35PM | 3 | MS. PAPA:  I prefer not to, Judge, but I do just want |
| 12:10:38PM | 4 | to go over a few things. |
| 12:10:38PM | 5 | THE COURT:  Okay. |
| 12:10:40PM | 6 | MS. PAPA:  Mr. Koerner says that no extension |
| 12:10:44PM | 7 | occurred because we didn't respond.  We have an e-mail that |
| 12:10:49PM | 8 | says that -- Mr. Koerner says on September 21st that he will |
| 12:10:55PM | 9 | need everything and PRR responses prior to our settlement |
| 12:11:00PM | 10 | conference.  The settlement conference was scheduled for |
| 12:11:03PM | 11 | October 14th.  We got him the responses to the requests for |
| 12:11:06PM | 12 | admission on September 30th.  It was within the time frame |
| 12:11:10PM | 13 | that we were -- excuse me -- that we were given, although not |
| 12:11:14PM | 14 | within the court's deadline for reasons that you have already |
| 12:11:17PM | 15 | gone over.  So we did have an extension and we met that |
| 12:11:22PM | 16 | extension.  So for that reason, the motion to deem all of the |
| 12:11:28PM | 17 | requests for admissions admitted is improper and it should be |
| 12:11:32PM | 18 | denied. |
| 12:11:37PM | 19 | MR. KOERNER:  I think I addressed -- Your Honor, I |
| 12:11:39PM | 20 | think I addressed that in the memorandum -- in the reply |
| 12:11:43PM | 21 | brief and that verbal extensions are contrary to Rule 29.  It |
| 12:11:49PM | 22 | specifically says that an extension will not be given if it |
| 12:11:53PM | 23 | affects the deadlines and it has to be granted by the judge. |
| 12:11:59PM | 24 | And so I was -- I am very easygoing.  I've known people from |
| 12:12:07PM | 25 | the Duval firm, Mr. Duval and I were co-counsel in difficult |

| | | |
|---|---|---|
| 12:12:14PM | 1 | cases.  We've been friends for years.  I assumed to have that |
| 12:12:19PM | 2 | kind of informal relationship with opposing counsel, but it |
| 12:12:26PM | 3 | didn't happen it.  You know, if you need an extension and you |
| 12:12:29PM | 4 | got Ida, I'm willing to give you an extension, but you have |
| 12:12:33PM | 5 | to -- under Rule 29, you have to apply for it.  Life is |
| 12:12:37PM | 6 | different in state court than in federal court, and state |
| 12:12:40PM | 7 | court, if you -- you don't get nailed unless somebody files a |
| 12:12:46PM | 8 | motion.  In federal court is simply the lapse of time. |
| 12:12:50PM | 9 | MS. PAPA:  Your Honor, Mr. Koerner cannot have his |
| 12:12:52PM | 10 | cake and eat it too.  He says that, but he sent us his |
| 12:12:59PM | 11 | Rule 34 inspection requests three days after the discovery |
| 12:13:02PM | 12 | deadline.  He filed these motions -- |
| 12:13:06PM | 13 | THE COURT:  Okay.  Let's look at Rule 29. |
| 12:13:09PM | 14 | MS. PAPA:  Yes, Your Honor. |
| 12:13:10PM | 15 | THE COURT:  Unless the court orders otherwise, the |
| 12:13:12PM | 16 | parties may stipulate that and I'm going to skip (A) because |
| 12:13:15PM | 17 | it's not relevant, (B), other procedures governing or |
| 12:13:18PM | 18 | limiting discovery be modified but a stipulation extending |
| 12:13:20PM | 19 | the time for any form of discovery must have court approval |
| 12:13:24PM | 20 | if it would interfere with the time set for completing |
| 12:13:27PM | 21 | discovery for a hearing, a motion, or a trial.  So that's |
| 12:13:31PM | 22 | what the rule requires. |
| 12:13:33PM | 23 | In this instance, Mr. Koerner, your requests for |
| 12:13:36PM | 24 | admissions were sent on August 5th, so they were untimely |
| 12:13:40PM | 25 | when they were issued.  So, technically, they wouldn't have |

| 12:13:43PM | 1 | to respond at all because they were untimely.  Now, there's a |
|---|---|---|
| 12:13:50PM | 2 | really good case from the Northern District of Texas.  I'll |
| 12:13:53PM | 3 | give you the cite.  It really -- it goes into a lot of good |
| 12:13:56PM | 4 | detail on requests for admissions.  It'll be in the federal |
| 12:14:01PM | 5 | rules decisions, but right now, it's only on Westlaw; 2021 |
| 12:14:03PM | 6 | Westlaw 5176839, *VeroBlue Farms USA v. Wulf*.  And the judge |
| 12:14:12PM | 7 | in that case was very succinct when he explained Rule 37 |
| 12:14:16PM | 8 | doesn't contemplate a motion to compel answers to Rule 36 |
| 12:14:18PM | 9 | requests for admissions, nor does it contemplate a motion to |
| 12:14:21PM | 10 | deem requests admitted.  Instead, the requesting party files |
| 12:14:25PM | 11 | a motion to determine the sufficiency of an answer or an |
| 12:14:28PM | 12 | objection to its admissions.  Unless the court finds the |
| 12:14:31PM | 13 | objections justified, it must order that the answer be served |
| 12:14:34PM | 14 | and if the court finds the answer is not compliant with the |
| 12:14:35PM | 15 | federal rules, it may order that the matter is admitted or |
| 12:14:40PM | 16 | direct the party to serve an amended answer. |
| 12:14:44PM | 17 | So that's the procedure.  So there is no such -- you |
| 12:14:45PM | 18 | know, the rule doesn't actually have a motion to deem |
| 12:14:47PM | 19 | admitted.  You file to test the sufficiency and then you |
| 12:14:49PM | 20 | either get an order that says I'm going to deem it admitted |
| 12:14:54PM | 21 | or I'm going to make you serve an additional response.  But |
| 12:14:57PM | 22 | in any event, in this situation, because of the timeliness |
| 12:15:01PM | 23 | issue, I don't think we even get to those issues, but I |
| 12:15:05PM | 24 | wanted to talk about the substantive problems I had with the |
| 12:15:09PM | 25 | objections because I think if you go and get an -- the |

| | | |
|---|---|---|
| 12:15:11PM | 1 | discovery deadline reopened and you issue your discovery in a |
| 12:15:14PM | 2 | timely manner, they're going to have to answer it and I want |
| 12:15:19PM | 3 | it answered appropriately to avoid any potential future |
| 12:15:21PM | 4 | motions on denied as written kind of objections.  Okay? |
| 12:15:26PM | 5 | MS. PAPA:  Thank you, Your Honor. |
| 12:15:27PM | 6 | THE COURT:  All right. |
| 12:15:28PM | 7 | MR. KOERNER:  Do you all have an objection to us |
| 12:15:31PM | 8 | extending discovery since the trial date is not until |
| 12:15:36PM | 9 | June 22nd? |
| 12:15:36PM | 10 | THE COURT:  You're going to have to file that motion |
| 12:15:39PM | 11 | with Judge Barbier. |
| 12:15:39PM | 12 | MR. KOERNER:  I am.  But it's always useful to have |
| 12:15:43PM | 13 | it unopposed. |
| 12:15:44PM | 14 | MR. DUVAL:  We'll have to consider that depending on |
| 12:15:46PM | 15 | -- I understand we're going to -- |
| 12:15:47PM | 16 | MR. KOERNER:  The only problem we have is that -- I |
| 12:15:52PM | 17 | probably have 50 witnesses that are listed in my witness |
| 12:15:56PM | 18 | list.  If I don't take these people's depositions, we will be |
| 12:16:00PM | 19 | here from June 22nd of 2022 to Christmastime. |
| 12:16:07PM | 20 | THE COURT:  Again, that's an issue that you're going |
| 12:16:08PM | 21 | to have with Judge Barbier, but I can tell you from my prior |
| 12:16:13PM | 22 | experience having clerked for a district judge, you're not |
| 12:16:16PM | 23 | going to be calling 50 witnesses who are cumulative, |
| 12:16:19PM | 24 | duplicative or repetitive.  You're going to get the |
| 12:16:21PM | 25 | opportunity to call a reasonable number of witnesses to make |

| | | |
|---|---|---|
| 12:16:24PM | 1 | the points, but you're not going to have 50 -- unless they |
| 12:16:26PM | 2 | have all unique things that they're going to have to address, |
| 12:16:30PM | 3 | you're not going to have 50 witnesses on your final pretrial |
| 12:16:33PM | 4 | order. |
| 12:16:33PM | 5 | MR. KOERNER:  I asked whether they are willing to |
| 12:16:36PM | 6 | stipulate that what was said at the April 13th meeting and at |
| 12:16:40PM | 7 | the committee meeting that the -- that the witnesses would |
| 12:16:44PM | 8 | testify to that if they were called.  We have now -- and we |
| 12:16:49PM | 9 | will give you a jump drive on it.  We have now gotten -- |
| 12:16:54PM | 10 | pieced together, not great as far as sound is concerned, |
| 12:17:00PM | 11 | we've now pieced together video and audio of the April 13th |
| 12:17:05PM | 12 | meeting and an audio of the March committee meeting.  So it |
| 12:17:11PM | 13 | seems to me useful -- not useful to call people from other |
| 12:17:17PM | 14 | states and things like that if -- |
| 12:17:19PM | 15 | THE COURT:  Well, one of the things I'm sure Judge |
| 12:17:23PM | 16 | Barbier's scheduling order explains is that you all in |
| 12:17:27PM | 17 | preparing a joint pretrial order you have an obligation to |
| 12:17:31PM | 18 | meet and confer with regard to exhibits and stipulations. |
| 12:17:33PM | 19 | So, you know, that's not a discovery issue.  That's a |
| 12:17:38PM | 20 | stipulation, getting ready for trial, so I would encourage |
| 12:17:42PM | 21 | you all to propose your stipulations and you all see what you |
| 12:17:45PM | 22 | can do. |
| 12:17:47PM | 23 | MS. PAPA:  And I believe -- sorry, Your Honor.  I |
| 12:17:49PM | 24 | believe that the deadline has already passed as well. |
| 12:17:51PM | 25 | THE COURT:  That's the pretrial order deadline? |

12:17:53PM  1          MS. PAPA:  Yes.

12:17:53PM  2          MR. DUVAL:  Yes.  Your Honor, the exhibit list and

12:17:55PM  3    the witness list have been done.

12:17:56PM  4          THE COURT:  Right, but the pretrial order is where

12:17:59PM  5    you would have to discuss -- that's like two days before the

12:18:02PM  6    pretrial conference.

12:18:02PM  7          MR. DUVAL:  We looked at the witness list and I don't

12:18:04PM  8    see that.  So before I can agree to anything, Mr. Koerner

12:18:09PM  9    speaks in wide deals, I'm going to speak in bullets.  So if

12:18:14PM  10   he wants me to agree to something, we're going to have to

12:18:16PM  11   really refine it before we agree to anything.  I'm not going

12:18:20PM  12   to take 50 depositions.  You know Judge Barbier would never

12:18:24PM  13   allow --

12:18:24PM  14         THE COURT:  Yeah, because the limit under the federal

12:18:26PM  15   rules is 10 per side, so you would need to get leave of court

12:18:29PM  16   to do more than that.

12:18:30PM  17         MR. DUVAL:  And he's not going to let him discover --

12:18:33PM  18   do discovery on the claims Judge Barbier dismissed.

12:18:35PM  19         THE COURT:  I'm not going to let you do that.  I'm

12:18:37PM  20   the judge deciding discovery issues like that.  And I think

12:18:40PM  21   I've made it clear it needs to be relevant to a pending claim

12:18:44PM  22   or defense, not a future potential claim and not a dismissed

12:18:49PM  23   claim.

12:18:49PM  24         MR. KOERNER:  Sure.  Well, I think that you're a

12:18:53PM  25   little on the narrow side, but I briefed it and you made your

```
12:18:58PM   1   decision.  I'm not going to reargue it.

12:19:00PM   2          THE COURT:  I appreciate that.

12:19:02PM   3          MR. DUVAL:  Which is why I have to be very careful or

12:19:06PM   4   we have to be very careful to what we agree to.  We have to

12:19:10PM   5   put this in writing if we agree to anything --

12:19:13PM   6          THE COURT:  What I'm going to do now, at this point,

12:19:15PM   7   I'm going to deny the motions because I think that the

12:19:18PM   8   requests for inspection was issued untimely.  It was issued

12:19:23PM   9   after the August 16th discovery deadline.  The form of the

12:19:27PM  10   request for inspection was defective.  It didn't specify a

12:19:33PM  11   date or time as required by Rule 34.  It said anytime after

12:19:38PM  12   August 20th.  That's like scheduling a deposition that says

12:19:41PM  13   I'm going to take the deposition of, you know, Mr. Duval

12:19:44PM  14   anytime after December 3rd.

12:19:47PM  15          MR. KOERNER:  I have --

12:19:47PM  16          THE COURT:  You need a date and time.

12:19:49PM  17          MR. KOERNER:  I have to have dates that the other

12:19:51PM  18   side gives me --

12:19:51PM  19          THE COURT:  No, you put it -- you do it in your

12:19:54PM  20   notice, you properly put in a date and time.  And then you

12:19:58PM  21   tell them, I'm happy to adjust the day and time to your

12:20:01PM  22   convenience.

12:20:01PM  23          MR. KOERNER:  That's fair enough.

12:20:02PM  24          THE COURT:  Because you have an obligation under the

12:20:04PM  25   rule to give them a specific notice that has a date and time
```

| | | |
|---|---|---|
| 12:20:08PM | 1 | and your request didn't have that.  So the form was defective |
| 12:20:12PM | 2 | in addition to being untimely. |
| 12:20:16PM | 3 | MR. KOERNER:  I have dates and times from Stan on a |
| 12:20:19PM | 4 | regular basis.  You can see those.  I thought we were working |
| 12:20:26PM | 5 | it out as gentleman and professionals and all of a sudden, I |
| 12:20:29PM | 6 | had to see I totally had to play by the rules. |
| 12:20:33PM | 7 | THE COURT:  So I've indicated the inspection request |
| 12:20:35PM | 8 | I think is untimely.  I don't think the form is appropriate |
| 12:20:38PM | 9 | and I discussed with you amply the relevance issue and |
| 12:20:42PM | 10 | concern I have.  The inspection would need to be relevant to |
| 12:20:46PM | 11 | a claim and defense.  So until you convince me it's relevant, |
| 12:20:49PM | 12 | I would be inclined to say the burden and expense of going |
| 12:20:53PM | 13 | on-site to do an inspection on property that's been damaged |
| 12:20:57PM | 14 | by Hurricane Ida is not -- is not appropriate. |
| 12:21:00PM | 15 | Okay.  Now, with regard to the request for |
| 12:21:03PM | 16 | admissions, I think that Rule 36 is within the disclosure and |
| 12:21:08PM | 17 | discovery rules of the federal rules of civil procedure. |
| 12:21:11PM | 18 | It's in Title V entitled discovery and disclosure.  Okay. |
| 12:21:14PM | 19 | Now, yes, there are cases that talk about that requests for |
| 12:21:18PM | 20 | admissions isn't really truly a discovery device because the |
| 12:21:22PM | 21 | idea is it narrows the issues for trial and that's true, but |
| 12:21:24PM | 22 | it is still a discovery device and I believe it still falls |
| 12:21:28PM | 23 | within the discovery deadline that is in Judge Barbier's |
| 12:21:31PM | 24 | order.  So I think that was delinquent.  I think that if you |
| 12:21:37PM | 25 | want to do discovery you're going to have to get Judge |

12:21:40PM **1**  Barbier to reopen discovery and allow you to do the discovery

12:21:41PM **2**  because I can't do that because it affects his trial date.

12:21:45PM **3**  That's his deadline and he needs to be the one to reopen it.

12:21:45PM **4**  Okay.

12:21:48PM **5**     If he reopens it, issue your discovery.  If you have a

12:21:51PM **6**  problem with it, file your motion and then I'm happy to

12:21:54PM **7**  address it.  And I try to avoid some of the potential

12:21:58PM **8**  objections you might get by going over why they would be

12:22:00PM **9**  improper to help speed things along to avoid coming back if

12:22:05PM **10**  we possibly can.  So with that I'm going to go ahead and deny

12:22:07PM **11**  the motions at this time.  You guys have anything else for me

12:22:10PM **12**  on the motions?

12:22:11PM **13**          MR. KOERNER:  Yeah.

12:22:12PM **14**          MS. PAPA:  No, Judge, thank you very much.

12:22:15PM **15**          THE COURT:  I do still want to talk to you all

12:22:17PM **16**  though.  Are we finished on the motions?

12:22:18PM **17**          MR. KOERNER:  Yes.

12:22:19PM **18**          THE COURT:  All right.  So we can go ahead and

12:22:21PM **19**  conclude our docket for the day.  Now we can have our

12:22:25PM **20**  off-the-record discussion about settlement issues.

**21**                      * * * *

**22**          (WHEREUPON, the proceedings were adjourned.)

**23**                      * * * *

**24**

**25**

1                           REPORTER'S CERTIFICATE

2               I, Nichelle N. Wheeler, RPR, CRR, Official Court
     Reporter, United States District Court, Eastern District of
3    Louisiana, do hereby certify that the foregoing is a true and
     correct transcript, to the best of my ability and
4    understanding, from the record of the proceedings in the
     above-entitled and numbered matter.

5

6                               /s/ Nichelle N. Wheeler
                               Official Court Reporter
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25