UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TEDDY BILLIOT, MARY VERDIN, LIZA NAQUIN, TASHA DARDAR, JADE BILLIOT BERGERON, LANNY DARDAR, CANDACE HENDON, KELLY NAQUIN, LORETTA VERDIN, CASEY DARDAR, SHANA RAE DARDAR, AND JOAN BRUNET<br>*Plaintiffs*<br><br>VERSUS<br><br>THE TERREBONNE PARISH SCHOOL, BOARD, THE TERREBONNE PARISH SCHOOL DISTRICT, PHILIP MARTIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, GREGORY HARDING, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE TERREBONNE PARISH SCHOOL BOARD<br>*Defendants* | * * * * * * * * * * * * * * * * * * * * * | CIVIL ACTION<br><br><br><br>NO. 2:21-cv-01144<br><br><br><br>JUDGE CARL BARBIER (J)<br><br>MAGISTRATE JUDGE<br>DONNA PHILLIPS<br>CURRAULT (2) |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF DENIAL OF THE FILING OF MANUAL ATTACHMENTS CONSTITUTING FACTORS ENUMERATED BY THE SUPREME COURT IN ARLINGTON HEIGHTS AS EVIDENCING UNLAWFUL DISCRIMINATION

**NOW INTO COURT,** through undersigned counsel, come Defendants, Terrebonne Parish School Board ("TPSB"); Terrebonne Parish School District ("TPSD"); Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board ("Martin"); and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board ("Harding") (sometimes collectively referred to as "Defendants"), who respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration of Denial of the Filing of Manual Attachments, and represent as follows:

### I. BACKGROUND

According to the Court's original Scheduling Order by Minute Entry (Doc. 30), the deadline for completion of discovery was August 16, 2021. On November 11, 2021, Plaintiffs filed a Motion to Overrule Objections, to Order Further and Proper Responses, to Deem Admissions Admitted, and for Sanctions regarding discovery matters. On December 1, 2021, merely minutes before Oral Argument on the motion was to take place, Plaintiffs filed an Ex Parte Motion for leave to file video and audio of 4/13/2021 TPSB meeting as Manual Attachments to its November 30, 2021 Reply Memorandum. (Docs. 76, 77). The motion purports to file the attachments to clear up the "accuracy request for admission propounded by plaintiffs," specifically the statements made by Defendants. (Doc. 77). Notably, the manual attachments were not referenced in the Reply Memorandum to which Plaintiffs sought leave to supplement. (Doc. 76). Mere moments before the Court took up the matter for argument, Plaintiff's Counsel handed undersigned counsel a jump drive containing the manual attachments. After hearing, the Court denied the Motion to Overrule Objection the basis of timeliness and denied as moot the Motion to File Manual Attachments (Doc. 78). Plaintiffs brought this motion to reconsider five months after the ruling following Defendants' Motion for Summary Judgment. Furthermore, trial of this matter is set for June 20-24, 2022, and by the time this action is heard, there will be only one month before trial begins.

### II. LAW AND ARGUMENT

*Jonathon R. Meaux v. Cooper Consolidated, LLC, et al. v. Savard Lab. & Mar. Pers., Inc., Savard Marine Servs., Inc.*, No. CV 19-10628, 2022 WL 1315492, at n. 70 (E.D. La. May 3, 2022)(slip copy) provides an overview of the applicable standards of the Rule 54(b) motion for reconsideration, which is the appropriate standard for reconsideration of an interlocutory judgment:

>  Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., LP.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting "the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice. Id. at 337 (quoting *Cobell v. Jewell, 802 F.3d 12, 25-26* (D.C. Cir. 2015)). **However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. See *Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993)** ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling(.] … the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (ED. Tex. Aug. 20, 2019) (although a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alteration and quotation omitted); 18 B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478.1 (3d ed. 2019). (Emphasis Added).

See also *Akeem v. Dasmen Residential, LLC*, No. CV 19-13650, 2021 WL 5371140, at *2 (E.D. La. Nov. 18, 2021)(A delayed reassertion of prior arguments should not be reconsidered at such a late juncture).

Although the Rule 54(b) is examined under less exacting standard than the Rule 59(e) or Rule 60(b) standards, "courts have looked to the kinds of consideration under those rules for guidance." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002). In the past, courts have granted such motions for the following reasons: (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) manifest injustice would otherwise result; (4) there has been serious misconduct by counsel; and (5) an intervening change in controlling law alters the appropriate outcome. *Id*.

3

Plaintiffs fail to furnish an argument as to how or why the denial of the motion as moot was incorrect or how reconsideration is warranted. Plaintiffs instead urge the importance and relevance of the manual attachments as to the *Arlington Heights* factors, with which the Court examines alleged discriminatory intent of an action under the Equal Protections Clause of the Fourteenth Amendment, in an attempt to rebut the Affidavits filed in Defendants' Motion for Summary Judgment which were executed long after the filing of the motion Plaintiffs are seeking to have reconsidered.

The Terrebonne Parish School Board meeting occurred on April 13, 2021. The Court denied the motion at issue as moot on December 1, 2021, over five months before Plaintiffs' filed this motion to reconsider. Had this audio and video attachments being filed been of such paramount importance to Plaintiffs' remaining claims, they would have and should have requested a reconsideration at the time of the ruling. Due to the timeliness issues on the original discovery motion, the motion to file the manual attachments thereto was moot on December 1, 2021, and it remains moot at present. The three pending motions for reconsideration—two of which seek a ruling on the Motion to File Manual Attachments (Docs. 92, 93)—are baseless and will result in nothing but undue burden and delay. Furthermore, with only a month remaining until trial starts, defendants would be unduly prejudiced in the Court were to grant Plaintiffs' motion.

### III.  CONCLUSION

Respectfully, the Court was correct when it ruled on the matters at issue, and nothing has changed since. For the reasons cited hereinabove, this Court should deny Plaintiffs' Motion for Reconsideration.

**Respectfully submitted,**

**DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS, APLC**

/s/ Stanwood R. Duval\
**STANWOOD R. DUVAL (27732)**\
**C. BERWICK DUVAL, II (5109)**\
**KATHRYN W. RICHARD (26486)**\
**APRIL A. TRAHAN (38919)**\
**HARLEY M. PAPA (39441)**\
stan@duvallawfirm.com\
berwick@duvallawfirm.com\
kathryn@duvallawfirm.com\
april@duvallawfirm.com\
harley@duvallawfirm.com\
101 Wilson Avenue (70364)\
Post Office Box 3017\
Houma, Louisiana 70361\
Telephone: (985) 876-6410\
Fax: (985) 851-1490\
Counsel for Defendants, Terrebonne Parish School Board, Terrebonne Parish School District, Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board, and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of May, 2022, filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Stanwood R. Duval\
**STANWOOD R. DUVAL**