UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TEDDY BILLIOT, MARY VERDIN, LIZA NAQUIN, TASHA DARDAR, JADE BILLIOT BERGERON, LANNY DARDAR, CANDACE HENDON, KELLY NAQUIN, LORETTA VERDIN, CASEY DARDAR, SHANA RAE DARDAR, AND JOAN BRUNET**<br>*Plaintiffs* | * * * * * * * * | **CIVIL ACTION**<br><br><br><br><br>**NO. 2:21-cv-01144** |
| **VERSUS** | * * | |
| **THE TERREBONNE PARISH SCHOOL, BOARD, THE TERREBONNE PARISH SCHOOL DISTRICT, PHILIP MARTIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, GREGORY HARDING, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE TERREBONNE PARISH SCHOOL BOARD**<br>*Defendants* | * * * * * * * * * * * | **JUDGE CARL BARBIER (J)**<br><br>**MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT (2)** |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION OF DENIAL OF THE FILING OF
DOCUMENTS AND MANUAL ATTACHMENTS CONSTITUTING FACTORS
ENUMERATED BY THE SUPREME COURT IN ARLINGTON HEIGHTS AS
EVIDENCING UNLAWFUL DISCRIMINATION**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Terrebonne Parish School Board ("TPSB"); Terrebonne Parish School District ("TPSD"); Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board ("Martin"); and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board ("Harding") (sometimes collectively referred to as "Defendants"), who respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration of Denial of the Filing of Documents and Manual Attachments, and represent as follows:

## I. LAW AND ARGUMENT

*Jonathon R. Meaux v. Cooper Consolidated, LLC, et al. v. Savard Lab. & Mar. Pers., Inc., Savard Marine Servs., Inc.*, No. CV 19-10628, 2022 WL 1315492, at n. 70 (E.D. La. May 3, 2022)(slip copy) provides an overview of the applicable standards of the Rule 54(b) motion for reconsideration, which is the appropriate standard for reconsideration of an interlocutory judgment:

> Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., LP.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting "the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice. Id. at 337 (quoting *Cobell v. Jewell, 802 F.3d 12, 25-26* (D.C. Cir. 2015)). **However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays.** See Calpecto 1981 v. Marshall Expl., Inc., 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling(.] … the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (ED. Tex. Aug. 20, 2019) (although a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alteration and quotation omitted); 18 B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE $ 4478.1 (3d ed. 2019). (Emphasis added).

See also *Akeem v. Dasmen Residential, LLC*, No. CV 19-13650, 2021 WL 5371140, at *2 (E.D. La. Nov. 18, 2021)(A delayed reassertion of prior arguments should not be reconsidered at such a late juncture).

Alhough Rule 54(b) is examined under less exacting standard than the Rule 59(e) or Rule 60(b) standards, "courts have looked to the kinds of consideration under those rules for guidance." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002). In the past, courts have granted such motions for the following reasons: (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) manifest injustice would otherwise result; (4) there has been serious misconduct by counsel; and (5) an intervening change in controlling law alters the appropriate outcome. *Id*. Plaintiffs partially list these factors, but do not synthesize how they might apply to the documents they seek to file.

### A. The Redman/Boykin Record

In July of 2021, Plaintiffs filed multiple motions for leave to file records in the *Redman v. Terrebonne Parish School Board* case, 293 F. Supp. 376 (E.D. La. 1967), wherein the Court mandated the School Board's reporting of "pupil-teacher ratios, pupil-classroom ratios, and per-pupil expenditures both as to operating and capital improvement costs, and shall outline the steps to be taken and the time within which they shall accomplish the equalization of such schools", alleging that the record contains "information relevant to the matters pending before the Court" *Id*. at 379. (See Docs. 14, 15, 17, 17-1). Plaintiffs seek reconsideration of the Court's denial of their Motion to file the *Naquin* record (Docs. 17, 22) without citing any reason why the ruling was erroneous or applying the *Livingston Downs Racing Ass'n, Inc.* factors. Reconsideration of this motion approximately one month before trial is prejudicial to Defendants. Defendants respectfully submit that the motion should be denied.

### B. Available Record in the Naquin Case

The *Naquin* ruling ordered the Terrebonne Parish School Board to integrate Native American students with white students in 1963 (See Doc 20-1). In the original motion to file the *Naquin* record, Plaintiffs' counsel speculates that the case record "may be applicable in the captioned litigation." (Doc 20-1, p.1). The Court subsequently denied the motion on July 9, 2021 (Doc. 26) for want of relevance. Again, Plaintiffs seek reconsideration of the Court's denial of their Motion to file the *Naquin* record (Docs. 20, 22) without citing any reason why the ruling was erroneous or applying the *Livingston Downs Racing Ass'n, Inc.* factors. Reconsideration of this motion approximately one month before trial is prejudicial to Defendants. Defendants respectfully submit that the motion should be denied.

### C. Motion for leave to file corrected affidavits-declarations in and the remainder of the D.O.E. Complaint and Exhibits

Plaintiffs fail to furnish an argument as to how or why the denial of their Motion for Leave to File the Corrected Affidavits-Declarations and DOE Complaints and Exhibits was erroneous, or how reconsideration is warranted. Plaintiffs instead reach to somehow establish a connection between Montegut Elementary School's ADA compliance and their intentional discrimination claim vis-a-vis the *Arlington Heights* factors.

Nothing contained in the DOE complaint can or will tend to support Plaintiffs' remaining claim for intentional discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. An alleged lack of accessibility at Montegut Elementary school is immaterial to the *Arlington Heights* factors used to assess alleged discriminatory intent against the Plaintiffs at PAC. Specifically, the allegations in the DOE complaint and supporting documents do not prove or disprove that the decision to close PAC had an unequally heavy bearing on one race or culture

4

more than another; they do not go toward a showing of the historical background or administrative history behind the School Board's decision to close PAC; and they do not establish any departure from normal procedural sequence in school closures.

Because Plaintiffs offer no basis whatsoever as to why the Denial of the Motion to file the DOE complaint and supporting affidavits should be reconsidered, and because the documents sought to be filed do not tend to further Plaintiffs' claims, the Court should deny the motion.

### D. Motion for leave to file video and audio of 4/13/2021 TPSB meeting as manual attachment.

Plaintiffs have filed two motions seeking reconsideration of the court's denial of their Motion to File Manual Attachment after the motion was denied as moot (Docs. 92, 94). Defendants direct the Court to their Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration of Denial of the Filing of Manual Attachments Constituting Factors Enumerated by the Supreme Court in *Arlington Heights* as Evidencing Unlawful Discrimination. (Doc 96). Defendants include and incorporate said Memorandum as though restated fully herein.

## II. CONCLUSION

Plaintiffs' seeking three separate Motions for Reconsideration on several issues and judgments only one month before trial is prejudicial to Defendants. No new evidence has come to light, and Plaintiffs' several motions for reconsideration are unsubstantiated. Respectfully, the Court was correct when it previously ruled in these matters, and nothing has changed since. For the reasons cited hereinabove, this Court should deny Plaintiffs' Motion for Reconsideration.

**Respectfully submitted,**

**DUVAL, FUNDERBURK, SUNDBERY,
 RICHARD & WATKINS, APLC**


/s/ Stanwood R. Duval_____
**STANWOOD R. DUVAL (27732)**
**C. BERWICK DUVAL, II (5109)**
**KATHRYN W. RICHARD (26486)**
**APRIL A. TRAHAN (38919)**
**HARLEY M. PAPA (39441)**
stan@duvallawfirm.com
berwick@duvallawfirm.com
kathryn@duvallawfirm.com
april@duvallawfirm.com
harley@duvallawfirm.com
101 Wilson Avenue (70364)
Post Office Box 3017
Houma, Louisiana 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490
Counsel for Defendants, Terrebonne Parish
  School Board, Terrebonne Parish School
  District, Philip Martin, individually and in
  his official capacity as Superintendent of
  Terrebonne Parish School Board, and
  Gregory Harding, individually and in his
  official capacity as President of Terrebonne
  Parish School Board

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 10th day of May, 2022, filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**/s/ Stanwood R. Duval_____
STANWOOD R. DUVAL**