UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEDDY BILLIOT, et al<br>Plaintiffs, | NO. 2:21-cv-01144(J)(2) |
| vs. | JUDGE: BARBIER |
| THE TERREBONNE PARISH SCHOOL BOARD, et al.<br>Defendants. | MAGISTRATE: CURRAULT |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO FILE EVIDENCE OF PREVAILING PARTY STATUS AND TO ORDER DEFENDANTS, THE TERREBONNE PARISH SCHOOL BOARD, ET AL., TO EXPLAIN WHY THEY DID NOT INFORM THE COURT OF THE TRANSFER OF THE POINTE-AUX-CHENES ELEMENTARY SCHOOL BUILDING AND OTHER DETAILS ESSENTIAL TO CONSIDERATION OF PENDING MOTIONS**

MAY IT PLEASE THE COURT:

### I. THE OPPOSITION

The opposition filed by defendants, The Terrebonne Parish School Board, et al., is an *ipse dixit* containing neither law nor supported reasoning. While not responding to many well-researched motions and memoranda equating consent orders, such as Doc. 99, as establishing "prevailing party status," TPSB's opposition repeats, without benefit of any authority, that Koerner is not a "prevailing party. Likewise, TPSB cites no law supporting their opposition to the filing of the article entitled "State's first Indigenous French immersion school now has a permanent home." TPSB characterizes Koerner's contention that the Consent Order [Doc. 99] established the plaintiffs and Koerner as "prevailing parties" within the meaning of 42 U.S.C. § 1988 as "categorically false and misleading" and, "at all times deny that Koerner or Plaintiffs are 'prevailing parties' within the context of 42 U.S.C. § 1988. Defendants' contention that a "Consent

1

Order" needs some "mention or declaration of any 'prevailing party'" is unsupported and contradicted by the memoranda and persuasive authority filed in 2022 and 2023.

Without the benefit of authority or even supporting **argument**, the TPSB baldly states that, "The article Mr. Koerner seeks to file does not in any way support his assertion that he or Plaintiffs are "prevailing parties." The TPSB conveniently ignores history: 1) the settlement offer and acceptance was recognized by Doc. 99. 2) The bound settlement was then repudiated by the TPSB because Koerner would not agree to release his claim for fees. 3) The TPSB refused to transfer the PACES Building to Ecole Pointe aux Chenes. This is addressed in detail in Doc. 126, Koerner's "opposition to motion to dismiss [doc. 125] and request for immediate submission to the Court."

All is now changed. The first public information of the transfer of the PACES property to Ecole Pointe aux Chenes did not come from the TPSB but from WWNO. Despite Koerner's unwillingness to let the TPSB to escape its attorney fee obligation and its extended refusal to transfer the horribly neglected PACES buildings and property, TPSB ultimately caved, an important indicia of "prevailing party" status, and one that cannot be dismissed by a bare denial.

## CONCLUSION

Inquiries by the Court's docket clerk and one or two made by the writer suggest that the Court and its staff have expended and continue to expend a great deal of precious judicial resources on the hotly-contented issues presented by the parties. Obligations of candor and common courtesy to the Court and opposing counsel support the notion that the TPSB and its counsel should have been forthcoming and should at least explain why they were not.

Respectfully submitted,
KOERNER LAW FIRM
/s/ Louis R. Koerner, Jr.,
Louisiana Bar 7817
1204 Jackson Avenue
New Orleans, Louisiana 70130-5130
(504) 581-9569 (New Orleans)
(504) 405-1411 (Cell)
(504) 324-1798 (Fax)
koerner@koerner-law.com
URL: www.koerner-law.com

## CERTIFICATE

I hereby certify that the foregoing pleading has been served on all interested counsel by ECF filing on October 30, 2023.

/s/ Louis R. Koerner, Jr.