UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEDDY BILLIOT, et al<br>Plaintiffs, | NO. 2:21-cv-01144(J)(2) |
| vs. | JUDGE: BARBIER |
| THE TERREBONNE PARISH SCHOOL BOARD, et al.<br>Defendants. | MAGISTRATE: CURRAULT |

**MOTION REQUESTING RULING AND DISPOSITION OF ALL PENDING MOTIONS**

Plaintiff and Intervenor, Louis R. Koerner, Jr., a self-represented litigant, moves the Court to rule on all live pending motions, *inter alia*, Docs. Nos. 105, 125, 128, 133, and 135, and to set an amount of attorney fees to which he is entitled.

The grounds for this motion, as are more fully set forth in the memorandum filed herewith, are as follows:

1. On May 11, 2022, this Honorable Court entered a consent judgment [Doc. 99] that was extended several times in order to permit the completion of the agreed settlement among the parties: solely and only the transfer of the land and buildings constituting the Pointe-aux-Chenes Elementary School by the Terrebonne Parish School Board ["TPSB"] to an entity that would re-establish the elementary school at that location. There was neither mention nor implication of releases of any claims.

2. The consent judgment [Doc. 99] established, as a matter of law, plaintiffs and their attorneys, including Koerner, as prevailing parties within the meaning of 42 U.S.C. § 1988 and so entitled to an award of attorney fees.

3. Although the plaintiffs and one of their counsel, but not mover, agreed to waive attorney fees, Koerner's separate and independent right to fees was stated in the written engagement agreement to be his and his alone and therefore insusceptible of waiver by clients, here plaintiffs or by anyone else.

4. When the TPSB opposed and resisted payment of attorney fee due to Koerner as a prevailing party, Koerner filed an appropriate motion [Doc. 105].

5. When Koerner was discharged by plaintiffs on account of his refusal to waive his entitlement to attorney fees, he filed a motion to withdraw [Doc. 118, granted Doc. 119] and a motion to intervene [Doc. 120-121] which was also granted [Doc. 122].

6. The TPSB, et al., not only opposed Koerner's request for attorney fees [Doc. 124] but filed a motion to dismiss [Doc. 125], all of which required replies and responses [Doc. 126].

7. In addition and on account of the delay caused by defendants, Koerner filed a motion for partial summary judgment for contempt of the May 11, 2023 consent judgment [Doc. 128] that generated an opposition [Doc. 129], a request for oral argument [Doc. 130], and a reply memorandum [Doc. 131].

8. The TPSB's failure of candor after finally fulfilling the terms of the consent order by transferring land and building and not so notifying the Court or Koerner generated another round of motions and responses [Docs. 133-35] and more professional time expended by Koerner as prevailing party at his $450.00 hourly rate charged to all hourly clients.

9. This Court, as does every court of the United States, has an obligation to rule on motions for summary judgment and on other pending motions, although no one can dictate how it should rule. This obligation, as is discussed in the memorandum filed herewith, is enforceable by a request to the Fifth Circuit for a writ of mandamus.

Respectfully submitted,
KOERNER LAW FIRM
/s/ Louis R. Koerner, Jr.,
Louisiana Bar 7817
1204 Jackson Avenue
New Orleans, Louisiana 70130-5130
(504) 581-9569 (New Orleans)
(504) 405-1411 (Cell)
(504) 324-1798 (Fax)
koerner@koerner-law.com
URL: www.koerner-law.com

## CERTIFICATE

I hereby certify that the foregoing pleading has been served on all interested counsel by ECF filing on November 26, 2023.

/s/ Louis R. Koerner, Jr.