UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEDDY BILLIOT, ET AL. | CIVIL ACTION |
| VERSUS | NO: 21-1144 |
| TERREBONNE PARISH SCHOOL BOARD, ET AL. | SECTION: "J"(2) |

### ORDER & REASONS

Before the Court is a *Motion for Attorney's Fees* **(Rec. Doc. 105)** filed by Louis R. Koerner, Jr. ("Koerner"), former attorney for Plaintiffs, as well as an opposition (Rec. Doc. 112) filed by Defendants Terrebonne Parish School Board; Terrebonne Parish School District; Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board ("Martin"); and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board ("Harding") (collectively the "School Board Defendants") and supplemental responses (Rec. Docs. 112, 113) filed by Plaintiffs.

Koerner was formerly the pro bono counsel to Plaintiffs in their lawsuit regarding the sale and transfer of the Pointe-aux-Chenes Elementary School from the Terrebonne Parish School Board to the Point au Chien Indian Tribe. Koerner argues that he is entitled to attorney's fees because Plaintiffs were the prevailing parties in the litigation and because of the letter of engagement signed by all Plaintiffs which provides in relevant part "in the likely litigation, the plaintiffs will ask for recovery of attorney's fees and penalties as well as costs. In the event that this is successful it

is agreed that Koerner and Domengeaux will be entitled to any and all such recovery." (Rec. Doc. 105, at 2).

Defendants assert that a full and final settlement has been reached between the parties consisting "solely of the transfer of the building and immovable property comprising of the Pointe-aux-Chenes Elementary School ("PAC") to the Pointe-au-Chien Indian Tribe." (Rec. Doc. 112, at 5). Defendants contend that this settlement constituted a full and final resolution of all claims including attorney's fees. Furthermore, Defendants argue that Plaintiffs cannot be considered the prevailing parties because even if the transfer of the school to the Pointe-au-Chien Indian Tribe was a goal of Plaintiffs, all French immersion claims were dismissed by this Court with prejudice. (Rec. Doc. 60). Koerner has since withdrawn as counsel for Plaintiffs and is now seeking attorney's fees, arguing that he is entitled to them as the prevailing attorney in the above-captioned matter.

Attorney's fees are not normally granted to the winner in the American system, however, a prevailing party may sometimes be entitled to attorney's fees under Federal Rule of Civil Procedure 54. *See Summit Valley Indus. V. Local 112, United Bhd. Of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Although a party need not secure either favorable judgment or settlement on every claim to be considered prevailing, "to qualify as a prevailing party, the plaintiff must (1) obtain actual relief, such as an enforceable judgment or consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way

that directly benefits the plaintiff at the time of the judgment or settlement." *Walker v. City of Mesquite, Tex.,* 313 F.3d 246, 249 (5th Cir. 2002).

Defendants argue that Plaintiffs cannot be considered the prevailing party because they did not prevail on any of the causes of action asserted in this case. Indeed, this Court dismissed all of Plaintiffs claims except for those regarding intentional discrimination under Title VI of the Civil Rights act and a § 1983 claim. (Rec. Doc. 60). The Court did not render judgment on either of these claims before the matter was settled. Therefore, Defendants assert, Plaintiffs did not actually prevail on any of the causes of action which were before the Court. Instead, Defendants argue that "several outside forces" resulted in the settlement reached in this matter. Defendants assert that the damage to the school done by Hurricane Ida rendered the school in lower Terrebonne Parish unusable to the Defendants. Additionally, upon the passage of HB 261 to create a state sponsored French Immersion charter school in Terrebonne, Defendants would be required to provide the empty school for such use. (Rec. Doc. 112, at 9) *See* La. R.S. § 17:3982(B)(1)(a) (providing that local school boards should make vacant facilities available to charter schools). Therefore, Defendants argue the settlement effectuated in this matter was independent of any actions taken by Mr. Koerner.

Regardless of these arguments, Plaintiffs agree that attorney's fees were never a part of the settlement in this matter. (Rec. Doc. 112, at 1). Plaintiffs state that "the settlement terms presented by Terrebonne Parish School Board mandate that all claims for attorneys fees be released by Plaintiffs." *Id.* Lawyers are duty bound to

abide by their client's wishes concerning settlement. Louisiana Rules of Professional Conduct rule 1.2 provides that "a lawyer shall abide by a client's decision whether to settle a matter." In this case, Plaintiffs decided to fully settle this matter including any and all claims for attorney's fees. Mr. Koerner argues that attorney's fees were a part of settlement negotiations leading up to the final settlement agreement signed by Plaintiffs. However, the presence of such a term in earlier stages of negotiations is irrelevant to the final agreement which binds the parties. An attorney representing clients pro bono accepts the risk that such representation may come without financial gain. Although pro bono attorneys can and often do recover attorney's fees as a part of their representation, the settlement agreement in this matter dictates that this is not to be the case.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Attorney's Fees* **(Rec. Doc. 105)** is **DENIED**.

New Orleans, Louisiana, this 15th day of December, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE