UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEDDY BILLIOT, et al<br>Plaintiffs, | NO. 2:21-cv-01144(J)(2) |
| vs. | JUDGE: BARBIER |
| THE TERREBONNE PARISH SCHOOL BOARD, et al.<br>Defendants | MAGISTRATE: CURRAULT |

**MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO RULES 54(b)(2) AND 59(e) FOR A NEW TRIAL, RECONSIDERATION, AND/OR TO ALTER OR AMEND THE DENIAL [DOC 140] OF ANY AWARD OF ATTORNEY FEES TO LOUIS R. KOERNER, JR., INTERVENOR AND FORMER COUNSEL FOR PREVAILING PARTIES, TEDDY BILLIOT, ET AL., AND FOR DESIGNATION OF DOC. 140 AS A RULE 54(b) FINAL JUDGMENT**

MAY IT PLEASE THE COURT:

### I. NATURE OF THE MOTION AND THE RELIEF SOUGHT

Louis R. Koerner, Jr. ["Koerner"], Intervenor and former counsel for prevailing parties, Teddy Billiot, et al., has filed a motion, pursuant to Rules 54(b)(2) and 59(e), asking this Court to grant a new trial, reconsider, or amend its denial [Doc. 140] of all attorney fees, and to explain for the benefit of the Court of Appeal its total denial of all fees. Koerner, through his *pro bono* services, was completely successful in his efforts to accomplish the transfer to the Pointe-au-Chien Indian Tribe of the Pointe-aux-Chênes Elementary School. The school that had been maliciously closed by defendants, The Terrebonne Parish School Board, et al., has now re-opened as the Ecole Pointe-au-Chien French immersion school. Koerner also requests that Doc. 140's denial of attorney fees be designated as a Rule 54(b) final judgment.

### II. SUMMARY OF THE ARGUMENT

1.  This issue has been extensively briefed in the many motions and memoranda that the Court may have found exhausting, *inter alia,* in Docs 105, 111, 114, 118, 119-123, 126, 128,

1

131, 133, and 135.

2.  In the absence of a meaningful explanation for denial of attorney fees to a *pro bono* lawyer/intervenor/prevailing party, denial of all fees is an error of law not protected by a deferential standard of consideration or review and should be reconsidered.

3.  This motion is procedurally appropriate under Rules 54(b)(2), 59(e), 54(b) and meets the applicable standard of consideration of manifest error of law.

### III. STANDARD OF CONSIDERATION OF A MOTION FOR NEW TRIAL OR FOR RECONSIDERATION

The basis for this motion is this Court's error of law in denying any fee award whatsoever to Koerner, a prevailing party, who won the motion to dismiss, helped negotiate the settlement to transfer, and then filed pleadings which resulted in consummation of the transfer to the Pointe-au-Chien Indian tribe of the Pointe-aux-Chênes Elementary School and already started classes.

<u>A. Full Text of Applicable Portions of Rules 54 and 59</u>

Rule 54. Judgment; Costs

(a) DEFINITION; FORM. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.

(b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 59. New Trial; Altering or Amending a Judgment

(a) IN GENERAL.

(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on

all or some of the issues—and to any party—as follows:

    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

    (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

    (b) TIME TO FILE A MOTION FOR A NEW TRIAL. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

    (c) TIME TO SERVE AFFIDAVITS. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

    (d) NEW TRIAL ON THE COURT'S INITIATIVE OR FOR REASONS NOT IN THE MOTION. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

    (e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

### B. Jurisprudence Establishing "Error of Law" as a Mandatory Ground for Reconsideration by a District Court of an Order or Ruling

Please see *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462–63 (5th Cir. 2017); and *Gorsalitz v. Olin Mathieson Chem. Corp.*, 429 F.2d 1033, 1047 (5th Cir. 1970).

## IV. DENIAL OF ALL FEES WITH NO EXPLANATION OTHER THAN THAT PRO BONO LAWYERS RISK GETTING NOTHING CONSTITUTED AN ERROR OF LAW MERITING RECONSIDERATION

Koerner is entitled to attorney fees of some amount for work done from May 11, 2022 to the present. A denial all fees as a risk undertaken by pro bono lawyers is an error of law.

### A. Jurisprudence

In *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir.1991), the court stated:

> Section 1988 authorizes the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation. "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." Hensley, 461 U.S. at 429, 103 S.Ct. at 1937 (quotation omitted). "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large...." Blanchard v. Bergeron, 489 U.S. 87, 96, 109 S.Ct. 939, 945–46, 103 L.Ed.2d 67 (1989).

In *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002), the court, in reversing a denial of all attorney fees, stated:

> We review a district court's decision to deny attorneys' fees for an abuse of discretion. *Shaw v. City of Sacramento,* 250 F.3d 1289, 1293–94 (9th Cir.2001). A trial court abuses its discretion if its ruling on a fee motion is based on an inaccurate view of the law or a clearly erroneous finding of fact. *Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir.1997).

There, as here, the "prevailing party" was statutorily authorized to seek fees and costs.

> The Supreme Court has held that a prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)

There it was found that the plaintiff was a prevailing party as after entering "into a legally enforceable settlement agreement against the defendant:

> "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." The Court explained that "a material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." In these situations, the legal relationship is

altered because the plaintiff can force the defendant to do something he otherwise would not have to do.

*Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir.2000) (quoting *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).

*Shaw v. Hunt*, 154 F.3d 161, 164–65 (4th Cir.1998) dealt with and extensively discussed the right of an intervenor to an award of attorney fees and reversed a denial of attorney fees.

> As an initial matter, we note that persons within the generic category of plaintiff-intervenors have often been found by courts to fit within the rubric "prevailing party" for fees purposes. *See, e.g., Hastert v. Illinois State Bd. of Election Comm'rs,* 28 F.3d 1430, 1441 (7th Cir.1993); *Wilder v. Bernstein,* 965 F.2d 1196, 1204 (2d Cir.1992) (en banc); *E.E.O.C. v. Strasburger, Price, Kelton, Martin & Unis,* 626 F.2d 1272, 1273 (5th Cir.1980); *see also* 2 Sheldon H. Nahmod, *Civil Rights & Civil Liberties Litigation* § 10:34, at 10–71 (4th ed. 1997) ("An intervening party can be a prevailing party entitled to fees [under § 1988]."); 2 Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation: Statutory Attorney's Fees,* § 2.2, at 15 (3d ed. 1997) ("[T]he intervenor who succeeds in litigation ... may qualify as a prevailing party under § 1988."). This accords with the statutory language, since intervenors, both permissive (as here) and as of right, appear in the Federal Rules under the general heading of "Parties," *see* Fed.R.Civ.P. 24(a) and (b), and the case law treats them as such, *see Diamond v. Charles,* 476 U.S. 54, 68, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (stating that "intervenors are considered parties"). Further, the Senate Report issued in connection with Congress's enactment of § 1988 specifically includes intervenors among the parties who are eligible for attorney's fees as a result of their efforts to vindicate civil rights: "[i]n the large majority of cases the party or parties seeking to enforce [civil] rights will be plaintiffs *and/or plaintiff-intervenors.*" S.Rep. No. 94–1011, at 4 n.4 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5912 n.4 (emphasis added). Courts have accordingly awarded fees to persons falling within the plaintiff-intervenor category, provided they have "play[ed] a significant role in the litigation." *Grove v. Mead Sch. Dist. No. 354,* 753 F.2d 1528, 1535 (9th Cir.1985); *see also Wilder,* 965 F.2d at 1204 (collecting cases).
>
> Given the above, the threshold legal issue here boils down to whether the absence of standing deprived the Original Intervenors of the right to qualify for fees under § 1988. We see no reason why that should be so in the exceptional circumstances of this case.
>
> Key to our analysis is the Supreme Court's ruling that a party who lacks standing can nonetheless take part in a case as a permissive intervenor. *See S.E.C. v. United States Realty & Improvement Co.,* 310 U.S. 434, 459, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940). Obviously, if lack of standing were a bar to intervening party status, the Original Intervenors could not recover fees here, since someone not a party could scarcely be a "prevailing party" under § 1988. However, the Court

held in *U.S. Realty* that it was not an abuse of discretion to allow the Securities and Exchange Commission to occupy the role of an intervenor even though it was not directly involved in the factual dispute at bar. *See id.* at 460, 60 S.Ct. 1044. The Court declared that Federal Rule of Civil Procedure ("FRCP") 24(b),[2] which governs permissive intervention, "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Id.* at 459, 60 S.Ct. 1044; *see also Employee Staffing Servs., Inc. v. Aubry,* 20 F.3d 1038, 1042 (9th Cir.1994) (stating that "the requirement of a legally protectable interest applies only to intervention as of right under Rule 24(a), not permissive intervention under Rule 24(b)"); *Nash v. Blunt,* 140 F.R.D. 400, 402 (W.D.Mo.1992) (suggesting that, because redistricting challenges have a statewide impact, the argument for including in-state intervenors without standing is especially strong).

It follows from *U.S. Realty* that Original Intervenors' lack of standing did not change their status as parties to the action. True, without standing they could not have continued their intervenor status "in the absence of the party [plaintiffs] on whose side intervention was permitted." *Diamond,* 476 U.S. at 69, 106 S.Ct. 1697 (holding that an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III). But unlike the situation in *Diamond,* the suit here was carried forward by plaintiffs who, although reduced in number to two, went on to final judgment and received reimbursement as prevailing parties under § 1988. This being so, we see no reason why Original Intervenors do not fit within the mandate of § 1988.

The following factors further support their inclusion within the fees statute.

First, the language of § 1988 does not mention Article III standing as an added requirement, distinct from the stated criterion of "prevailing party." It is true that a *plaintiff* without standing will not be able to recover fees, but this is because the possession of Article III standing is interwoven into the very concept of plaintiff status. As discussed above, a permissive intervenor without standing may continue to be a party so long as the suit is kept alive by a plaintiff. *See id.* at 68–69, 106 S.Ct. 1697.

Second, while the case law applying § 1988 to intervenors who lack standing is sparse, other courts have allowed attorney's fees to intervenors who have apparently lacked standing. An example of such a case is *Wilder v. Bernstein,* 965 F.2d 1196 (2d Cir.1992) (en banc). In *Wilder,* the full bench of the Second Circuit allowed nineteen private child-care agencies, who were acting as intervenors, to recover attorney's fees arising from an action challenging New York City's foster care system. *See id.* at 1204. The *Wilder* court awarded fees even though "intervenors" had not formally joined the action pursuant to FRCP 24, *see id.* at 1199–1200, and had not asserted a violation of their own rights,[3] *see id.* at 1202–03. Yet the *Wilder* court also realized the limitations on such awards

to intervenors, citing *Grove* for the proposition that "[a]wards to intervenors should not be granted unless the intervenor plays a significant role in the litigation." *See id.* at 1204 (citing *Grove,* 753 F.2d at 1535).

Third, awarding attorney's fees to these Original Intervenors is not inconsistent with the Supreme Court's interpretation of Congress's intent in enacting § 1988 and similarly worded fee-shifting statutes. The Court has spoken of successful plaintiffs in civil rights cases as "private attorney[s] general" and the "chosen instrument of Congress." *Independent Fed'n of Flight Attendants v. Zipes,* 491 U.S. 754, 758–60, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (quoting *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) and *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 418, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Section 1988's legislative history contains statements urging courts to use "the broadest and most effective remedies available to achieve the goals of our civil rights laws." Senate Report at 3, reprinted in 1976 U.S.C.C.A.N. at 5910–11; *see, e.g., Wilder,* 965 F.2d at 1203–04 (§ 1988 interpreted broadly).

Applying these standards, the unique role played here by Original Intervenors supports an award of attorney's fees. This was a major voting rights suit. On each of its two visits to the Supreme Court, plaintiffs' and plaintiff-intervenors' position on the merits was vindicated. The Governor does not question on appeal that Original Intervenors contributed significantly to the success of the litigation and has stipulated to the reasonable amount of their fees. The record contains an affidavit stating that their counsel did at least half the legal research that was necessary with respect to discovery issues, motions and other matters. *See* Affidavit of Robinson O. Everett ¶¶ 5–6. Their attorney took an active role in serving written discovery, defending depositions, responding to discovery motions, retaining expert witnesses, interviewing lay witnesses, and preparing stipulations, briefs and motions. Plaintiff-intervenors' counsel also participated at trial and in argument before the Supreme Court. If recovery under § 1988 is meant to reward those who have undertaken successfully to fulfill the role of a private attorney general, *see Newman,* 390 U.S. at 402, 88 S.Ct. 964, plaintiff-intervenors appear to have been veritable embodiments of that role.

### B. Doctrine

These issues have been extensively and thoughtfully considered in Smolla, 3 Federal Civil Rights Acts (3d ed.) § 16:2. Awards of attorneys' fees - purpose and construction—Qualification as the prevailing party and as to intervenors in Smolla, 3 Federal Civil Rights Acts (3d ed.) § 16:6. Awards of attorneys' fees-purpose and construction—Qualification as the prevailing party—Intervenors. Please also see Conte, 1 Attorney Fee Awards § 3:8 (3d ed.) §

3:8. Persons entitled to fee award and Bodensteiner and Levinson, 2 State and Local Government Civil Rights Liability § 2:35. Prevailing party status—Plaintiffs.[1]

## CONCLUSION

The motion for reconsideration should be granted. Denial of all fees to Koerner, an attorney who was a prevailing party in defeating the defendants' motion to dismiss, in negotiating the settlement agreement to transfer the Pointe-aux-Chênes Elementary School, and In the recent transfer of title to that facility and property after extensive motion practice constitutes an error of law which should be reconsidered.

Respectfully submitted,
KOERNER LAW FIRM
/s/ Louis R. Koerner, Jr.,
Louisiana Bar 7817
1204 Jackson Avenue
New Orleans, Louisiana 70130-5130
(504) 581-9569 (New Orleans)
(504) 405-1411 (Cell)
(504) 324-1798 (Fax)
koerner@koerner-law.com
URL: www.koerner-law.com

## CERTIFICATE

I hereby certify that the foregoing pleading has been served on all interested counsel by ECF filing on December 26, 2023.

/s/ Louis R. Koerner, Jr.

---

[1] Prevailing plaintiffs can recover fees for postjudgment monitoring of a consent decree, even without a finding of contempt,[43] and for time spent pursuing a fee award.[44] However, courts have held that *Hensley* applies to applications for fees for time spent pursuing a fee award and, therefore, fee requests may be reduced to reflect limited success.[45] Fees can be awarded to the party prevailing on appeal.[46]