UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TEDDY BILLIOT, MARY VERDIN, LIZA NAQUIN, TASHA DARDAR, JADE BILLIOT BERGERON, LANNY DARDAR, CANDACE HENDON, KELLY NAQUIN, LORETTA VERDIN, CASEY DARDAR, SHANA RAE DARDAR, AND JOAN BRUNET**<br>*Plaintiffs*<br><br>**VERSUS**<br><br>**THE TERREBONNE PARISH SCHOOL, BOARD, THE TERREBONNE PARISH SCHOOL DISTRICT, PHILIP MARTIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, GREGORY HARDING, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE TERREBONNE PARISH SCHOOL BOARD**<br>*Defendants* | * * * * * * * * * * * * * * * * * * * | **CIVIL ACTION**<br><br><br><br>**NO. 2:21-cv-01144**<br><br><br><br><br><br>**JUDGE CARL BARBIER (J)**<br><br>**MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT (2)** |

---

**MEMORANDUM OF LAW IN OPPOSITION TO LOUIS R. KOERNER'S MOTION FOR NEW TRIAL, RECONSIDERATION, AND/OR TO ALTER OR AMEND JUDGMENT**

---

**NOW INTO COURT,** through undersigned counsel, come Defendants, Terrebonne Parish School Board ("TPSB"); Terrebonne Parish School District ("TPSD"); Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board ("Martin"); and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board ("Harding") (sometimes collectively referred to as the "School Board Defendants"), who respectfully respond to Louis R. Koerner's Motion for New Trial, Reconsideration, and/or to Alter or Amend the Denial of Any Award of Attorney Fees to Louis R. Koerner, Jr, and for designation of Doc. 140 as a Rule 54(b) Final Judgment as follows:

**MAY IT PLEASE THE COURT:**

## I.  BACKGROUND

On May 11, 2022, this Court entered an Order dismissing the remaining claims in this case, which were alleged intentional discrimination claims under (1) Title VI of the Civil Rights Act of 1964 and (2) 42 U.S.C. § 1983 in violation of the Equal Protections Clause of the Fourteenth Amendment, due to a settlement being reached between the parties (Rec. Doc. 99). On September 12, 2022, Louis R. Koerner, Jr. ("Mr. Koerner") filed a Motion to Withdraw as Counsel for Plaintiffs (Rec. Doc. 104). This same date, Mr. Koerner also filed a Motion Pursuant to Rule 54(d) for an award of Attorney's fees Louis R. Koerner, Jr., Pro Bono Counsel (Rec. Doc. 105).

In a subsequent attempt to collect attorney's fees, Mr. Koerner filed a Complaint of Intervenor (Rec. Doc. 123) calling for the enforcement of the May 11, 2022 Settlement Order (Rec. Doc 99) and again asserting his right to attorney's fees as the alleged pro bono attorney for the "prevailing plaintiffs." On December 15, 2023 (Rec. Doc. 140), this Honorable Court issued judgment and reasons denying Koerner's claim for attorney's fees. Koerner now seeks a new trial or reconsideration of the judgment.

## II.  LAW AND ARGUMENT

A motion pursuant to FRCP 59(e), which allows a party to move for an altered or amended judgment, "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered

evidence."[1] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[2]

Koerner's only argument to support his motion for reconsideration is that the Court committed legal error in its failure to award him attorney's fees. Contrary to Koerner's assertion that the Court's judgment is "not protected by a deferential standard"[3], a district court's awards of attorney's fees under 42 U.S.C. § 1988 are reviewed for abuse of discretion."[4] "Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." [5] The Court did not abuse its discretion by enforcing the law between the parties.

Although Mr. Koerner may not favor the Court's ruling, there is no "absence of meaningful explanation"[6] as he suggests; the Court analyzed whether his claim meets the criteria required for an award of attorney's fees, and ultimately reasoned that the claim was waived by Plaintiffs when they entered into a settlement agreement that specifically precludes Plaintiffs from receiving attorney's fees in this matter.

---

[1] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[2] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings,* 921 F.Supp.2d 548, 565 (E.D. La. 2013.)
[3] Rec. Doc. 141, p. 1.
[4] *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991).
[5] *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)(District court was not manifestly erroneous in declining to award attorney's fees when parties did not indicate that there were remaining issues prior to order of dismissal)
[6] Rec. Doc. 141-1, p. 2.

### III.     CONCLUSION

Defendants respectfully submit that Louis R. Koerner's original motion for attorney's fees was without merit, and accordingly, the Motion for New Trial, Reconsideration, and/or to Alter or Amend the Denial of Any Award of Attorney Fees to Louis R. Koerner, Jr, should be denied.

Respectfully submitted,

**DUVAL, FUNDERBURK, SUNDBERY,
   RICHARD & WATKINS, APLC**


/s/     Harley M. Papa_____
**STANWOOD R. DUVAL (27732)
C. BERWICK DUVAL, II (5109)
KATHRYN W. RICHARD (26486)
APRIL A. TRAHAN (38919)
HARLEY M. PAPA (39441)**
stan@duvallawfirm.com
berwick@duvallawfirm.com
kathryn@duvallawfirm.com
april@duvallawfirm.com
101 Wilson Avenue (70364)
Post Office Box 3017
Houma, Louisiana 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490
Counsel for Defendants, Terrebonne Parish School Board, Philip Martin, individually and in his official capacity as Superintendent of Terrebonne Parish School Board, and Gregory Harding, individually and in his official capacity as President of Terrebonne Parish School Board

### **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 2nd day of January, 2024, filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Harley M. Papa*_____
**HARLEY M. PAPA**

4