UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEDDY BILLIOT, et al<br>Plaintiffs, | NO. 2:21-cv-01144(J)(2) |
| vs. | JUDGE: BARBIER |
| THE TERREBONNE PARISH SCHOOL BOARD, et al.<br>Defendants | MAGISTRATE: CURRAULT |

**REPLY MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO RULES 54(b)(2) AND 59(e) FOR A NEW TRIAL, RECONSIDERATION, AND/OR TO ALTER OR AMEND THE DENIAL [DOC 140] OF ANY AWARD OF ATTORNEY FEES TO LOUIS R. KOERNER, JR., INTERVENOR AND FORMER COUNSEL FOR PREVAILING PARTIES, TEDDY BILLIOT, ET AL., AND FOR DESIGNATION OF DOC. 140 AS A RULE 54(b) FINAL JUDGMENT**

MAY IT PLEASE THE COURT:

### I. INTRODUCTION

As has been their practice, the defendants, Terrebonne Parish School Board, et al., either ignore or misrepresent Koerner's cited authority, *i.e., Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).[1] By first misleadingly reframing the issues,[2] defendants feel free to also cite law that does not address actual issues

The order does state,

> In this case, Plaintiffs decided to fully settle this matter including any and all claims for attorney's fees. Mr. Koerner argues that attorney's fees were[3] a part of settlement negotiations leading up to the final settlement agreement signed by Plaintiffs. However, the presence of such a term in earlier stages of negotiations is

---

[1] The standard of review when there is a contention that an error of law is plenary and not deferential.

[2] "Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement."[5] The Court did not abuse its discretion by enforcing the law between the parties.

[3] Neither attorney fees nor anything to do with releases or waiver of attorney fees was included in the May, 2022 settlement letter authored by Mr. Domengeaux. The sole term and sole subject was transfer of the PAC Elementary School. This, of course, was not done until this year and the PAC Elementary School transfer, the subject of motions filed by Koerner, was not disclosed to the Court by defendants. The final settlement agreement, which was signed by plaintiffs under duress while the attorney fees issue was pending, could not and did not affect Koerner's independent right to attorney fees. This would have made clear had the Court set the evidentiary hearing requested several times.

1

irrelevant to the final agreement which binds the parties.

This Court's denial order ignores authority cited by Koerner that authorizes awards of attorney fees to intervenors and permits *pro bono* lawyers, by their engagement contracts, to place attorney fees beyond the reach of self-interested clients' ability to release or settle. Here, the settlement made no mention of and did not reserve any right to make a demand for a release of liability and certainly not to demand a waiver of Koerner's attorney fees or binding Koerner. As a *pro bono* lawyer knowledgeable enough to foresee this eventuality, Koerner prepared for this by retaining his independent right to attorney fees in the written engagement letters. This and the applicable law was extensively briefed and not addressed by the Court.

Denial of prevailing party attorney fees in the absence of legal justification is an error of law that may and should be addressed under Rules 54(b)(2) and 59(e). Errors of law permit no discretion and trump less deferential standard of consideration or review. Not one authority cited by Koerner either in the motion for new trial or in the many memoranda listed in the supporting memorandum has been addressed by defendants or by the Court.

In the absence of an objection to the request "that Doc. 140's denial of attorney fees be designated as a Rule 54(b) final judgment," an appropriate order should issue.

## CONCLUSION

The opposition presents no reason for denial of the motion for new trial. Koerner's extensive efforts, travel, meetings with plaintiffs and court filings established a right to attorney fees independent of the plaintiffs' wishes to waive or release his right to attorney fees. This Court's denial of all fees should be reconsidered and an appropriate award made to Koerner, a prevailing party with an independent right to fees that could not be waived by plaintiffs who had specifically and *ab initio* granted Koerner such an independent right, one that was not waivable by parties who had contractually assigned their right to fees and therefore could not waive Koerner's contractual

and statutory right to a fee. The unopposed Rule 54(b) designation should be granted.

>Respectfully submitted,
>KOERNER LAW FIRM
>/s/ Louis R. Koerner, Jr.,
>Louisiana Bar 7817
>1204 Jackson Avenue
>New Orleans, Louisiana 70130-5130
>(504) 581-9569 (New Orleans)
>(504) 405-1411 (Cell)
>(504) 324-1798 (Fax)
>koerner@koerner-law.com
>URL: www.koerner-law.com

## CERTIFICATE

I hereby certify that the foregoing pleading has been served on all interested counsel by ECF filing on January 7, 2024.

>/s/ Louis R. Koerner, Jr.